# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Rosina Hart

v.

George Edward Hart

February 27, 1997

Case No. (Chancery) CH97-268

BY JUDGE A. BONWILL SHOCKLEY

This matter is currently before this Court on Defendant's Special Plea objecting to jurisdiction, or, in the alternative, he objects to venue of the Virginia Beach Circuit Court over this matter.

Complainant has filed an action for separate maintenance. The parties were married on February 14, 1992, in Chesapeake, Virginia. Both parties currently reside on Knotts Island, North Carolina. The parties separated on January 11th of this year. Both Complainant and Defendant work in Chesapeake. Defendant was personally served with process at his place of employment.

Complainant is asking for spousal support, custody of the parties' minor child, child support, attorneys' fees, and the usual *pendente lite* injunctions. Defendant has countered that this Court does not have jurisdiction, as both parties are residents of North Carolina. In the alternative, Defendant argues that proper venue for this action, should Virginia have jurisdiction, is in the Circuit Court of Chesapeake.

The parties have presented three issues for the Court to rule upon: (1) Does Virginia have jurisdiction over an action for separate maintenance where both parties are residents of the State of North Carolina? (2) Assuming Virginia has jurisdiction over the separate maintenance action, is there jurisdiction over the issues of child custody and support? (3) Does proper venue for this action lie in the City of Virginia Beach or in the City of Chesapeake?

## I. *Virginia Does Have Jurisdiction Over an Action for Separate Maintenance Where Both Parties Are Residents of the State of North Carolina*

Separate maintenance is not a statutory creature like divorce. Therefore, jurisdiction for an action for separate maintenance comes under the court's inherent equity jurisdiction, not jurisdiction created by statute. "[A] claim for separate maintenance ... is within the inherent jurisdiction of a court of equity, even in the absence of statute." *Rochelle v. Rochelle*, 225 Va. 387, 391 (1983), *quoting Wilson v. Wilson*, 178 Va. 427 (1941). To exercise jurisdiction, several things must be proven: (1) personal service over the defendant; (2) the existence of a valid marriage; and (3) cause for living apart. Margaret F. Brinig & David M. White, *Virginia Domestic Relations Handbook*, § 17-2 (1985), *quoting, Purcell v. Purcell*, 14 Va. (4 Hen. & M.) 507 (1810).

Since this is not one of the actions created by statute and the Bill of Complaint alleges the proper elements to create jurisdiction, this is a proper action for separate maintenance. Further, since Defendant was served with process in the Commonwealth, this Court has proper jurisdiction over the parties and the subject matter.

## II. *Assuming Virginia Has Jurisdiction Over the Separate Maintenance Action, the Court Has Jurisdiction Over the Issues of Child Custody and Support*

The Virginia Supreme Court has had the opportunity to explore this question. It has ruled that the circuit court, when hearing a case involving separate maintenance, has jurisdiction to hear issues involving child support and custody. "[T]he circuit court had jurisdiction to entertain the mother's petition as a suit for separate maintenance and to determine all questions of child custody, support, and visitation as matters incidental thereto." *Rochelle*, 225 Va. at 391.

Following this line of reasoning, once it is established that Virginia has jurisdiction over the separate maintenance action, the issue of child support and custody are within the court's jurisdiction as matters "incidental" to the separate maintenance action.

## III. *Proper Venue for This Action Lies in the City of Chesapeake*

Venue, like jurisdiction, for an action for separate maintenance does not arise under § 20-96, Va. Code Ann. (1996). Venue arises under the general venue of suits in equity. Therefore, this Court must look to Category B or

permissible venue to establish in what city venue properly lies. § 8.01-262, Va. Code Ann. (1996). The Code specifically provides that the proper forum for an action at law or in equity is: "1. Wherein the defendant resides or has his principal place of employment … ." *Id.* Since the Defendant's principal place of employment is in Chesapeake, venue is proper there.

However, the statute provides that venue may be proper in more than one place. After reviewing the section, the only rationale under which venue would be proper in Virginia Beach is if the Defendant "regularly conducts affairs" in Virginia Beach. § 8.01-262(3), Va. Code Ann. (1996). There has been no evidentiary showing that Defendant regularly conducts affairs in this city, although it was suggested that Defendant works in Chesapeake. If that is the case, it appears that this case should be transferred to the Circuit Court of the City of Chesapeake.

This Court concludes as follows. This matter is properly before the Court. Virginia has jurisdiction under the general principals of equity jurisdiction. Since Defendant was properly served in the Commonwealth, the Court has personal jurisdiction over him. If Plaintiff concedes that Defendant's ties are to Chesapeake, then this case should be transferred to the Circuit Court of that city. However, if there is need of an evidentiary hearing on that issue, the matter will be set on the Court's docket.