JOY FRANCES McFADIN DECKER

v.

JOHN G. DECKER

No. 1361-90-3

Decided May 21, 1991

COUNSEL

Harry F. Bosen, Jr. (Charles B. Phillips; Harry F. Bosen, Jr., P. C.; Phillips, Doherty & Swanson, on brief), for appellant.

James F. Stutts (James H. Ford; McGuire, Woods, Battle & Boothe, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—This appeal arises from a Henry County Circuit Court decision denying a motion to transfer a suit for divorce to the Franklin County Circuit Court pursuant to Code §§ 8.01-265 and 8.01-261. Joy Frances McFadin Decker, appellant, contends that under Code § 8.01-261(19) Franklin County is both the only and the preferred venue for the parties' divorce suit, and, therefore, the Henry County Circuit Court erred by refusing to transfer the suit to Franklin County in response to her motion to transfer. In response, John G. Decker, appellee, asserts Mrs. Decker chose Henry County as the forum for the divorce suit, he has not objected to this forum, and, therefore, the Henry County Circuit Court properly denied Mrs. Decker's motion to transfer. We agree with Mr. Decker and affirm the lower court's decision.

The parties were married on December 27, 1978. Mrs. Decker filed for a divorce in the Henry County Circuit Court in August, 1989. In her bill of complaint, she mistakenly and incorrectly pled that the parties resided in Henry County, while also alleging that the last place of marital cohabitation was in Franklin County. In his answer and cross-bill, Mr. Decker denied the parties presently resided in Henry County and alleged the parties last cohabited in Franklin County. However, Mr. Decker did not object to Mrs. Decker's selection of Henry County as the forum for the divorce suit. In fact, the parties resided and last cohabited in Franklin

County.

Sometime after filing her bill of complaint, Mrs. Decker obtained new counsel, who advised her of her erroneous pleading. She then filed a motion for change of venue in the Henry County Circuit Court on December 6, 1989. In her motion, Mrs. Decker averred that her previous attorneys had inadvertently, but improperly, alleged in her bill of complaint that the parties were residing in Henry County and that the parties resided and last cohabited in Franklin County. During January, 1990 and before ruling on Mrs. Decker's motion for a change of venue, the circuit court permitted Mrs. Decker to file an amended bill of complaint to reflect the fact that the parties resided and last cohabited in Franklin County. However, after considering memoranda filed by the parties, the circuit court denied the motion for change of venue on July 27, 1990, by which time the court had ruled on certain *pendente lite* issues.

On appeal, Mrs. Decker argues that there are no provisions of the Code that permit this divorce suit to be brought or to remain in the Henry County Circuit Court. Therefore, she asserts that the court was required to transfer the suit pursuant to Code § 8.01-265, even in the absence of objections or proper motions. We disagree.

■ When Mrs. Decker filed her bill of complaint for divorce, recently enacted amendments to the Code had just taken effect and altered the law of venue regarding domestic relations suits. *See* Code §§ 8.01-259 and 8.01-261(19) (Supp. 1989). Code § 20-96 formerly dictated venue in divorce suits, but now only grants circuit courts jurisdiction for these cases. After July 1, 1989, Chapter 5 of Title 8.01 of the Code (§§ 8.01-257 through 8.01-267) concerning venue became applicable to domestic relations suits. *See* Code § 8.01-259 (Supp. 1989). Pursuant to Code § 8.01-261, the proper forum in divorce suits is now "Category A" or preferred venue. Specifically, § 8.01-261(19) provides that "[i]n suits for . . . divorce, the county or city in which the parties last cohabited, or at the option of the plaintiff, in the county or city in which the defendant resides" shall be the preferred venue. Therefore, the preferred venue in the present case is Franklin County, where both parties agree they last cohabited and where the husband presently resides.

When a divorce suit is not filed in a preferred venue, the defendant may object within twenty-one days after service of process. Code § 8.01-264. However, "[i]n actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue" by a timely filed motion. *Id.; accord Rochelle v. Rochelle*, 225 Va. 387, 392, 302 S.E.2d 59, 62 (1983). Here, Mr. Decker filed an answer and cross-bill denying the allegation in Mrs. Decker's bill of complaint that the parties were presently residing in Henry County and admitting the allegation that they last cohabited in Franklin County. Despite this response to Mrs. Decker's allegations, Mr. Decker did not object to the venue, nor did he suggest that venue was improperly laid. Instead, he waived his privilege to object to venue by allowing twenty-one days to pass after being served the bill of complaint. Mr. Decker thereby agreed to have the suit heard in Henry County.

Mrs. Decker, nevertheless, contends that Code § 8.01-265 mandated the Henry County Circuit Court to act *sua sponte* to transfer venue to the Franklin County Circuit Court because her amended bill of complaint and motion to transfer venue indicated *her* lack of consent to the venue remaining in Henry County. Again, we disagree. Code § 8.01-265 permits a trial court to transfer an action to any fair and convenient forum having jurisdiction in Virginia, upon a defendant's motion and for good cause shown. A trial court may also retain an action on plaintiff's motion and for good cause shown. Code § 8.01-265.[1] In this case, Mr. Decker did not file a motion to transfer venue and Mrs. Decker did not file a motion to retain venue. Thus, Mrs. Decker's contention hinges on the remaining language of the section, which provides "[e]xcept by agreement of all parties, no action enumerated in Category A, § 8.01-261, shall be transferred to or *retained by* a forum not enumerated in such category." *Id.* (emphasis added). When Mrs. Decker filed her initial bill of complaint in Henry County she effectively agreed to the retention of the suit by that forum, even though it was not the preferred venue. She may not rescind her agreement simply because she unwittingly chose

---

[1] Effective July 1, 1991, Code § 8.01-265 will permit the trial court to cure, on its own motion, incorrect venue in suits for divorce. The transfer must be implemented within sixty days after service of process on all parties.

an improper forum. Therefore, the Henry County court was not prohibited from retaining the suit pursuant to Code § 8.01-265.

Finally, Mrs. Decker asserts that, because venue in divorce suits is jurisdictional, the Henry County court's decree may be "worthless." Venue for divorce suits is now governed by Chapter 5 of Title 8.01 of the Code, and § 8.01-258 of that chapter expressly provides that the issue of venue is not jurisdictional. Consequently, so long as a court has jurisdiction pursuant to Code § 20-96 to entertain a divorce suit, that court's judgment or decree will not be void or voidable for improper venue, though it will be subject to appeal for an error of court concerning venue. *See* Code § 8.01-258. Hence, the Henry County court's judgments and decrees in this matter are not void or voidable.

In summary, we hold that Mrs. Decker consented to venue in the Henry County Circuit Court when she initially filed her bill of complaint there. Further, because Mr. Decker did not object to the selection of venue, he waived his privilege to have the suit transferred to Franklin County pursuant to Code § 8.01-265 and effectively agreed to venue in Henry County. On these procedural facts, the court was not required to act *sua sponte* to transfer the suit to Franklin County and, moreover, had no statutory authority to do so.

For the foregoing reasons, we affirm the decision of the court to deny the motion to transfer the suit to Franklin County.

*Affirmed.*

Barrow, J., and Moon, J., concurred.