## CIRCUIT COURT OF CHESTERFIELD COUNTY

J. Chris Kollman, III

v.

C. E. Jordan

October 29, 2002

Case No. (Law) CL02-643

BY JUDGE MARC JACOBSON

Defendant C. E. Jordan has filed a Demurrer and Motion Objecting to Venue in regard to the above captioned action, and arguments in regard to same were heard by this Court on October 17, 2002.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

The Court has reviewed and considered the Memoranda submitted by counsel for both Defendant and Plaintiff, J. Chris Kollman, III, and oral argument of counsel for both Plaintiff and Defendant and finds at this juncture in the proceedings that the Demurrer filed by Defendant is overruled.

In regard to the issue of venue, proper venue for a cause of action in Virginia is determined by statute. Va. Code Ann. § 8.01-260 (2002). Most actions, including the one at bar, are governed either by § 8.01-261 of the Code of Virginia (preferred venue) or by § 8.01-262 (permissive venue). None of the provisions of § 8.01-261 apply to the facts of this case. Va. Code Ann. § 8.01-261 (2002). Therefore, this action is governed by § 8.01-262.

Under § 8.01-262(4), venue is proper where "the cause of action, *or any part thereof,* arose." Va. Code Ann. § 8.01-262(4) (2002) (emphasis added). Every publication of defamatory statements creates a separate cause of action. *WJLA-TV v. Levin,* 264 Va. 140, 153, 564 S.E.2d 383, 390 (2002). However, a plaintiff is not required to bring a defamation claim in many separate actions, but "various alleged defamatory publications [can be] collectively asserted and presented as one count of defamation." *Id.* In this case, *The Progress-Index* is circulated in Chesterfield County; therefore, Defendant's statements were published there. Chesterfield County is an appropriate venue under § 8.01-262.

Defendant has brought his objection to venue under § 8.01-264 of the Code of Virginia. Defendant's reliance on that section is inapplicable because § 8.01-264 only applies if Plaintiff has mislaid venue. As stated above, Plaintiff has laid venue properly under § 8.01-262(4). Defendant's objection under § 8.01-264 is overruled.

Although Defendant does not object to venue on the basis of *forum non conveniens* in his Motion Objecting to Venue, he does allege that Chesterfield Count is not a convenient forum in his Memorandum in Reply to Plaintiff's Opposition to Defendant's Motion Objecting to Venue. (Def.'s Mem. in Reply to Pl.'s Opp. to Def.'s Mot. Objecting to Venue at 5-9.) Under § 8.01-265, a court may transfer venue, even if properly laid, for good cause shown. Va. Code Ann. § 8.01-265 (2002).

According to the plain language of the statute, Defendant has the burden to show good cause for a transfer. The venue statutes permit a Plaintiff the choice of where to prosecute his case. *Norfolk & W. Ry. v. Williams,* 239 Va. 390, 391, 389 S.E.2d 714, 715 (1990). A rebuttable "presumption of correctness attaches to a plaintiff's choice of forum." *Id.* at 394, 389 S.E.2d at 717. Plaintiff does not need to explain his reasons for placing venue in any particular forum that § 8.01-262 allows.

Defendant argues that there is good cause for transfer in this case because "the lack of practical nexus between this action and Plaintiff's chosen forum

and the Plaintiff's position suggest a taint or abuse of the venue provisions." (Def.'s Mem. in Reply to Pl.'s Opp. to Def.'s Mot. Objecting to Venue at 9.) The Virginia Supreme Court has held that the mere fact that there is "no practical nexus" between the venue Plaintiff has selected and the cause of action does not provide good cause for a transfer. *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 246, 520 S.E.2d 164, 170-71 (1999) (denying the power company's motion to transfer venue from Charles City County to Richmond, thirty miles away, even though there was no nexus between Charles City County and the cause of action). Even if Defendant is correct that all of the witnesses, parties, and evidence in this matter are in Colonial Heights, not Chesterfield County, that alone is not enough to justify transfer.

Moreover, there is no suggestion that Plaintiff has abused the venue provisions in bringing this action in Chesterfield County rather than Colonial Heights. In *Williams*, the Virginia Supreme Court noted that the latitude provided in the venue statutes might be used to harass and inconvenience other parties. *Williams*, 239 Va. at 392, 389 S.E.2d at 715 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("[T]he open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.").

> To guard against abuse of the latitude afforded by the venue statutes, judges were vested with the discretion to change the location of the trial in favor of a location more convenient to the parties and witnesses, one free of any taint of prejudice, or one which would better serve the ends of justice.

*Williams*, 239 Va. at 392, 389 S.E.2d at 715 (holding that the plaintiff intended to harass and inconvenience the defendant by laying venue in Portsmouth rather than Roanoke, 282 miles away, where the injury occurred and all but one of the witnesses resided).

In the case at bar, Chesterfield County is adjacent to Colonial Heights. The Colonial Heights Circuit Court building and the Chesterfield County Circuit Court are only twelve miles apart. This distance imposes no "substantial inconvenience to the parties or the witnesses." Va. Code Ann. § 8.01-265. Nor does it suggest a desire on Plaintiff's part to harass or inconvenience Defendant.

Defendant's Motion to Transfer Venue is denied.