# CIRCUIT COURT OF FAIRFAX COUNTY

Sarah Fitzpatrick

v.

Eric Fitzpatrick

June 28, 2006

Case No. (Chancery) 2005-3664

BY JUDGE RANDY I. BELLOWS

This matter comes before the Court upon Defendant Eric Fitzpatrick's Demurrer to Complainant Sarah Fitzpatrick's Bill of Complaint and upon Defendant's Motion to Transfer Venue. The Court heard argument on June 16, 2006, and took the matter under advisement. Having reviewed all of the papers submitted, as well as the pertinent authority, the matter is now ripe for decision.

## I. Facts

Complainant initiated this case by filing a Bill of Complaint on August 9, 2005. Defendant was served with the Bill of Complaint in Florida on September 3, 2005, via posting and again on March 8, 2006, in Virginia via personal service.

In the Bill of Complaint, Complainant alleges jurisdiction based on being a "*bona fide* resident and domiciliary of the Commonwealth of Virginia for at least six months preceding the commencement of this suit." Bill of Complaint at ¶ 1. Complainant also alleges that she last resided with the Defendant in Florida and that she was forced to leave the marital home, also in Florida, on or about March 17, 2005.

Defendant argues that accepting Complainant's facts as they are pleaded requires the Court to conclude that Complainant could not be a bona fide resident and domiciliary of the Commonwealth of Virginia since at least February 2005, as required by Virginia Code § 20-97 and have also resided in the marital home, in Florida, through March 17, 2005.

## II. *Standard of Review on Demurrer*

A demurrer should be sustained "if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226 (2001) (citing *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 384 (1996)); *See also* Va. Code § 8.01-273. In determining whether the pleading states a valid cause of action, the court must "consider as admitted the facts expressly alleged and those which fairly can be viewed as impliedly alleged or reasonably inferred from the facts alleged." *Id.* Furthermore, "[a] demurrer does not test matters of proof and, unlike a motion for summary judgment, does not involve evaluating and deciding the merits of a claim; it tests only the sufficiency of factual allegations to determine whether the pleading states a cause of action." *Welding* at 227-28, 914 (2001) (internal citations omitted).

## III. *Demurrer Analysis*

Virginia Code § 20-97 mandates two requirements to maintain an action for divorce, one of the parties in the suit must have been (1) "an actual bona fide resident" of Virginia and (2) a domiciliary of Virginia "for at least six months preceding the commencement of the suit." Va. Code Ann. § 20-97.

To be a "domiciliary" of Virginia, means living in Virginia "with the intent to remain there permanently or for an indefinite period of time." *Adoteye v. Adoteye*, 32 Va. App. 221, 226 (2000). To have been an "actual bona fide resident" of Virginia "means to have had in this State throughout that period an actual bona fide permanent abode, as contra-distinguished from a sojourn, or transitory abode. . . ." *Id.* Permanent abode means a "permanent habitation, or place or locality of abode." *Id.*

To establish Virginia as a permanent abode, a party must evidence "concurring acts or forbearances to act which tend to show the actual continued maintenance in good faith of some place or locality in Virginia as and for [her] permanent abode. Neither the unexpressed nor the mere

expressed intention to so maintain a place or locality in Virginia as his permanent abode is alone sufficient to constitute the maintenance thereof as such." *Id.* at 226 (*citing Hiles v. Hiles*, 164 Va. 131, 137-38 (1935)).

It is unnecessary and, therefore, improper for this Court to conclude that Complainant's alleged facts are inconsistent with Virginia Code § 20-97. Affording every reasonable inference to Complainant, as this Court must do on demurrer, requires the consideration and acceptance of the possibility that Complainant remained a Virginia resident and domiciliary since 2001 and lived in the marital home in Florida, and elsewhere, as mere transitory abodes. *See Blackson v. Blackson*, 40 Va. App. 507, 518, 579 S.E.2d 704, 709 (2003) ("the establishment of a sojourn, or transitory abode, outside the State will not . . . put an end to . . . being an `actual and bona fide resident of this State'."). Whether this possibility is in fact reality is not the proper subject of a demurrer. Rather, this must be determined at trial.

## IV. *Motion to Transfer Venue Analysis*

Virginia Code § 8.01-261(19) provides that "in suits for . . . divorce, the county or city in which the parties last cohabited, or at the option of the plaintiff, in the county or city in which the defendant resides" shall be the preferred venue. Where suit is "not filed in a preferred venue, the defendant may object within twenty-one days after service of process." *Decker v. Decker*, 12 Va. App. at 539 (citing Va. Code Ann. § 8.01-264). The issue of venue in a divorce suit is not jurisdictional. *Decker v. Decker*, 12 Va. App. 536, 540 (1991).

Virginia Code Section 8.01-264 provides:

> In actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court.

Va. Code Ann. § 8.01-264. *See Rochelle v. Rochelle*, 225 Va. 387, 392 (1983).

Defendant filed the instant motion to transfer venue to Prince William County on March 28, 2006. While the motion to transfer venue was filed within twenty-one days of the March 8, 2006, service on Defendant, the motion was not set to be heard until June 16, 2006, over three months later, in

conjunction with the instant demurrer. The Court notes that this hearing could have been set by Defendant and Defendant could also have filed an independent motion to retain venue. *See Decker v. Decker*, 12 Va. App. at 539.

Defendant currently resides in Florida and Complainant resides in Prince William County, Virginia. The parties lived together in Florida; however, as discussed above, Complainant alleges to have remained a bona fide resident and domiciliary of Virginia since before the marriage.

As previously stated, Defendant was served with the Bill of Complaint in Florida on September 3, 2005, via posting and again on March 8, 2006, in Virginia via personal service.

Whether the motion to transfer venue was timely filed depends on when service was effectuated. Defendant argues that service was effectuated on March 8, 2006, by personal service on Defendant. Complainant argues that service was effectuated on September 3, 2005, by posting. Under Defendant's view, the motion to transfer venue would be timely whereas under Plaintiff's view it would not. Whether the September 3, 2005, service was ineffective was not explicitly raised prior to oral argument at the June 16, 2006, hearing. Instead, Defendant relied on the September 3, 2005, service while Complainant relied on the March 8, 2006, service for purposes of their argument.

The Court does not reach this issue, however, because it has decided that a change of venue in this case is not mandated, thus rendering the issue of timeliness irrelevant. Specifically, the Defendant has not shown good cause for transferring the case to another forum while Plaintiff has shown good cause for retaining venue.

While there may be no practical nexus between this action for divorce and Fairfax County, the Supreme Court of Virginia has held that the absence of such a nexus alone does not constitute good cause for a transfer. *See Kollman v. Jordan*, 60 Va. Cir. 293, 295 (2002) (citing *Virginia Elec. & Power Co. v. Dungee*, 258 Va. 235, 246, 520 S.E.2d 164, 170-71 (1999)); *see also Faison v. Hudson*, 243 Va. 413, 417-18 (1992) (upholding a trial court's denial of a motion to transfer venue that arose late in the proceedings).

## V. Conclusion

For the reasons stated above, Defendant's Demurrer is overruled and Defendant's Motion to Transfer Venue is denied. Complainant's motion for sanctions is denied. The parties' respective motions for attorneys' fees are also denied.

*Order*

This matter comes before the Court on Defendant's Demurrer to Complainant's Bill of Complaint and upon Defendant's Motion to Transfer Venue. For the reasons stated in an accompanying letter opinion issued today, it is hereby ordered that Defendant's Demurrer is overruled; it is further ordered that Defendant's Motion to Transfer Venue is denied; it is further ordered that Complainant's motion for sanctions is denied; it is further ordered that the parties' respective Motions for Attorneys' Fees are denied.