JOHN WILKES BOOTH, III

v.

STEVEN L. BROUDY

Record No. 860010

June 10, 1988

Present: All the Justices

*John G. Crandley (Preston, Wilson & Crandley*, on brief), for appellant.

*Robert S. Cohen (Mary G. Commander; Goldblatt, Lipkin, Cohen, Anderson, Jenkins & Legum, P.C.*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This case is here upon the appeal of John Wilkes Booth, III, the defendant, from a judgment based on a jury verdict in favor of Steven L. Broudy, the plaintiff, for $35,000. The sole question for decision is whether the trial court erred in refusing to transfer venue.

The plaintiff was injured in an automobile accident on May 12, 1983. The accident occurred in the City of Suffolk. The defendant was a resident of Suffolk and the plaintiff a resident of the City of Virginia Beach. The plaintiff filed suit in the Circuit Court of the City of Norfolk.

By proper motion, the defendant objected to venue in Norfolk and moved that venue be changed to Suffolk. Holding that it would be "more convenient" to the plaintiff's medical witness and the latter's patients if trial were held in Norfolk, the trial court denied the motion and retained the case for trial.

■ The ground assigned by the trial court for denying the defendant's motion is not listed as a basis for venue in either the preferred venue statute, Code § 8.01-261, or the permissible venue statute, Code § 8.01-262. The county or city where the defendant resides is a permissible forum, Code § 8.01-262(1), as is the county or city where the cause of action, or any part thereof, arose, Code § 8.01-262(4).

■ Notwithstanding the provisions of Code §§ 8.01-261 and -262, however, a trial court wherein a cause of action is commenced may, "for good cause shown," retain the action for trial. Code § 8.01-265. "Good cause shall be deemed to include, but not

to be limited to, . . . the avoidance of *substantial inconvenience* to the parties or the witnesses." *Id.* (Emphasis added.)

■ Under Code § 8.01-267, a decision transferring or refusing to transfer an action pursuant to § 8.01-265 shall be within the sound discretion of the trial judge. Section 8.01-267 also provides, however, that "nothing [therein] shall affect the right to assign as error a court's decision concerning venue." Furthermore, a Revisers' Note to § 8.01-267 states that "the trial judge's decision is . . . reviewable on the grounds that he abused his discretion, *or* that the forum to which the action was transferred or in which the case was allowed to remain was not a proper place of venue under §§ 8.01-260[*] to 8.01-262." (Emphasis added.)

■ There was no showing that trial in Suffolk would result in "substantial inconvenience to the parties or the witnesses," only that trial in Norfolk would be "more convenient" to the plaintiff's medical witness and his patients. Hence, this Court holds that the ground assigned by the trial judge for retaining the action for trial in Norfolk did not constitute good cause under Code § 8.01-265. And, because the absence of good cause appears as a matter of law, there was no basis for the exercise of discretion by the trial court. This Court treats the case, therefore, as one involving plain error, within the contemplation of Code § 8.01-267.

Accordingly, we will reverse the judgment appealed from, set aside the verdict of the jury, and remand the case to the trial court with direction to transfer venue to the Circuit Court of the City of Suffolk for further proceedings.

*Reversed and remanded.*

---

* Code § 8.01-260 provides in pertinent part that, "subject to the provisions of §§ 8.01-264 and 8.01-265, the venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262." Code § 8.01-264 provides that objection to venue shall be made by motion and that failure to object constitutes a waiver. As noted previously, Code § 8.01-265 allows a trial court to retain a case for trial "for good cause shown."