CITY OF DANVILLE,

HAMPTON ROADS SANITATION DISTRICT
COMMISSION,

CITY OF LYNCHBURG,

CITY OF MARTINSVILLE,

CITY OF RICHMOND,

AND

UPPER OCCOQUAN SEWAGE AUTHORITY

v.

VIRGINIA STATE WATER CONTROL BOARD

AND

RICHARD N. BURTON, EXECUTIVE DIRECTOR,
DEPARTMENT OF ENVIRONMENTAL QUALITY

No. 1370-93-2

Decided July 5, 1994

COUNSEL

David E. Evans (Richard H. Sedgley; McGuire, Woods, Battle & Boothe, on briefs), for appellants.

John R. Butcher, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Dennis H. Treacy, Assistant Attorney General, on brief), for appellees.

OPINION

COLE, S.J.—The appellants, City of Danville, Hampton Roads Sanitation District Commission, City of Lynchburg, City of Martinsville, City of Richmond, and Upper Occoquan Sewage Authority, are political jurisdictions and subdivisions organized and existing pursuant to the laws of the Commonwealth of Virginia. Appellee, Virginia State Water Control Board (Board), is an agency of the Commonwealth of Virginia and is charged with the supervision and control of water quality in the Commonwealth, and with the establishment of policies and regulations relating thereto, including the establishment of water quality standards. On March 30, 1992, the Board adopted amendments to the Virginia Water Quality Standards Regulation. In adopting the amendments, the appellants allege that the Board failed to comply with its water quality standards adoption authority pursuant to the State Water Control Law, Code §§ 62.1-44.2 through 62.1-44.34. The appellants filed in the Circuit Court of the City of Lynchburg their petition for appeal from the decision of the State Water Control Board pursuant to Supreme Court Rule 2A:4. Thereafter, the appellees filed their answer to the petition and a motion to transfer venue to the Circuit Court of the City of Richmond. Following the submission of briefs and oral argument on the motion to transfer, the circuit court transferred the petition to the Circuit Court of the City of Richmond.

After the transfer to the Richmond Circuit Court, the appropriate portions of the Board's file were lodged in the circuit court, and the merits of the case were briefed and argued. The trial judge entered an order finding that the Board had acted within the scope of its authority, had based its actions on substantial evidence, and had acted reasonably. Based upon these findings, the trial judge dismissed appellants' petition. The appellants appealed from the order dismissing the petition and the order transferring the case to the Circuit Court of the City of Richmond.

Although the appellants have assigned a number of errors, we need address but one: whether the Circuit Court of the City of Lynchburg erred in transferring the case to the Circuit Court of the City of Richmond under Code § 8.01-265.

In their motion to transfer venue, the appellees admitted that Lynchburg was a Category A or preferred venue under Code

§ 8.01-261, but they contended that it was a *forum non conveniens*. In support of this allegation, they asserted that the Board's voluminous file regarding this rule-making procedure was lodged at its office in Henrico County, adjacent to the City of Richmond, and the offices of both the Board's counsel and appellants' counsel are located in Richmond. They further alleged that Richmond would be more convenient for the Board's witnesses coming from the Washington, Philadelphia, or Duluth offices of the Environmental Protection Agency. They asserted that because the Richmond Circuit Court is located at the seat of government in Richmond and has decided a number of cases under the Administrative Process Act, it was familiar with the procedural and substantive law applicable to this appeal. Upon the pleadings and argument of counsel, the Lynchburg Circuit Court found that Richmond is a fair and substantially more convenient venue and that the above-stated circumstances constituted good cause to transfer this case to the Circuit Court of the City of Richmond.

■ The matter of venue is regulated by statute in Virginia. The purpose of the venue statute is to assure "that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay." Code § 8.01-257. The Board's motion to transfer was addressed to the sound discretion of the Lynchburg Circuit Court judge, and his action in granting the transfer motion cannot be reversed unless the record affirmatively reflects an abuse of discretion. Code § 8.01-267. However, the right to assign as error a court's decision concerning venue is retained. *Id*.

■ Code § 8.01-261 enumerates the forums deemed preferred places of venue. Venue laid in any other forum shall be subject to objection; however, if more than one preferred place of venue applies, any such place shall be a proper forum. The parties admit that Lynchburg and Richmond are both preferred places of venue in this case because it is an action for review of a state administration regulation, decision, or order. *See* Code § 8.01-261(1).

■ A case properly filed in one court may be transferred to another "fair and convenient forum having jurisdiction within the Commonwealth" for good cause shown. Code § 8.01-265. "Good cause shall be deemed to include, but not be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." *Id*.

Circumstances considered in motions to transfer include:

"relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Norfolk & W. Ry. v. Williams*, 239 Va. 390, 393, 389 S.E.2d 714, 716 (1990) (quoting *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947)).

In its transfer order, the Lynchburg Circuit Court advanced three reasons for transferring the case to Richmond. First, it said that the appeal would involve a substantial number of documents that are lodged at the Water Control Board's headquarters located in Henrico County, and Richmond would provide a substantially more convenient forum for management of those documents. Second, counsel for both parties are in Richmond and the travel of all counsel will be paid by the taxpayers. Third, Richmond is as central a location to the appellants as is Lynchburg. Based upon these findings, the Lynchburg Circuit Court found that "Richmond is a fair and substantially more convenient venue, and that these circumstances constitute good cause to transfer the case to the Circuit Court of the City of Richmond."

■ Code § 8.01-265 does not provide for the transfer of a case from one forum to another based upon the standard that one forum is "fair and substantially more convenient" than another forum. "Good cause" is defined in the statute as "the avoidance of substantial inconvenience to the parties or the witnesses." *Id. See Booth v. Broudy*, 235 Va. 457, 458-59, 369 S.E.2d 165, 165-66 (1988). The issue of inconvenience to witnesses is not applicable in this case, however, because the appeal involved a judicial review of agency action under the Administration Process Act and such a case is decided on the record; live testimony of witnesses is not permitted. Code § 9-6.14:16(B).

The Lynchburg Circuit Court found that because the documents under review were located in Henrico County, Richmond would provide a substantially more convenient forum for management of the documents. Nothing in the record supports this find-

ing. The documents could have been transported and delivered from Henrico County to Lynchburg as easily as to Richmond. Moreover, nothing in the record supports a conclusion that the Richmond Circuit Court could manage the documents any better than the Lynchburg Circuit Court.

Code § 8.01-265 defines good cause as "the avoidance of substantial inconvenience to the parties or the witnesses." It does not mention the inconvenience of their attorneys. If inconvenience for the attorneys for the parties was sufficient to cause a transfer of venue, the venue statutes could be manipulated because the parties could select an attorney located in the forum of their choice and circumvent the plain intent of the venue statute. In this case, the attorneys were required to make two trips to court to argue the case. The inconvenience caused by one or two trips, at most, to Lynchburg to argue motions and the merits of the case is not adequate good cause to transfer the case under Code § 8.01-265. In sum, the findings by the Lynchburg Circuit Court are insufficient to overcome the presumption of correctness that attaches to the plaintiffs' choice of venue under Code § 8.01-261. *See Williams*, 239 Va. at 394, 389 S.E.2d at 717.

Therefore, we hold that the grounds assigned by the Lynchburg Circuit Court judge for transferring the case to Richmond did not constitute good cause under Code § 8.01-265. We find that the Lynchburg Circuit Court abused its discretion by transferring venue to the Richmond Circuit Court. Based on the record before us, and for the above-stated reasons, we conclude that Lynchburg was a preferred and proper forum. Accordingly, we reverse the transfer order, set aside the judgment order, and remand the case to the trial court with direction to transfer venue to the Circuit Court of the City of Lynchburg for further proceedings.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.