COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia


SUSAN G. PRIOR

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0160-13-2                          JUDGE GLEN A. HUFF
                                                         OCTOBER 15, 2013

VIRGINIA BOARD OF NURSING


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                Gary A. Hicks, Judge

            Eugene J. Prior (Susan G. Prior, *pro se*, on briefs), for appellant.

            Braden J. Curtis, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General; Rita W. Beale, Deputy Attorney
            General; Allyson K. Tysinger, Senior Assistant Attorney General
            and Chief; Howard M. Casway, Senior Assistant Attorney General,
            on brief), for appellee.


        Susan G. Prior ("appellant") appeals an order of the Virginia Board of Nursing ("the

Board") indefinitely suspending appellant's multistate privilege to practice nursing in Virginia.

On appeal, appellant contends:

        1.  Before the Department of Health Professions ("DHP") had
            even started its investigation [appellant] was wrongly denied
            entry into Virginia's Health Practitioners Monitoring Program
            ("HPMP") which, had [appellant] been allowed to participate,
            would have resulted in a stay of any enforcement action
            including the [o]rder of the [Board] that suspended
            [appellant's] multi-state nursing license indefinitely.  The
            Board was in error to not issue a stay of its suspension of
            [appellant's] license because [appellant] was eligible to enter
            HPMP.

        2.  The Board denied [appellant] of [her] right to legal counsel
            when it instructed [appellant's] attorney who had been
            admitted pro hac vice pursuant to a signed order of the Board

--------------------------------------------------------------------------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to withdraw in the middle of the formal hearing following threats and the presentation of criminal charges and disciplinary action from the Virginia State Bar. The Board erred in its determination that it had no discretion to allow [appellant's] attorney to continue to represent [appellant] at the hearing.

3. The Board wrongfully denied [appellant's] right under the Fifth Amendment of the U.S. Constitution when it stated that the Fifth Amendment does not apply in administrative proceedings and then placed [appellant] under direct examination after [appellant's] attorney was forced to withdraw.

4. The Fairfax County Circuit Court wrongfully granted the Board['s] motion requesting [appellant's] case be transferred to the Circuit Court for Henrico County.

For the following reasons, this Court reverses the order transferring venue to the Henrico Circuit Court, sets aside the order of the Henrico Circuit Court denying appellant's appeal, and remands the case to the Henrico Circuit Court with direction to transfer venue to the Fairfax Circuit Court for further proceedings.

## I. BACKGROUND

On appeal, "[w]e view the facts in this case 'in the light most favorable to sustaining the [Board's] action and take due account of the presumption of official regularity, the experience and specialized competence of the [Board], and the purposes of the basic law under which the [Board] has acted.'" Nat'l College v. Davenport, 57 Va. App. 677, 680-81, 705 S.E.2d 519, 521 (2011) (quoting Sentara Norfolk Gen. Hosp. v. State Health Comm'r, 30 Va. App. 267, 279, 516 S.E.2d 690, 696 (1999)). So viewed, the evidence is as follows.

On June 8, 2009, appellant, a Maryland resident, was issued a license to practice as a professional nurse by the State of Maryland. Pursuant to Code § 54.1-3032(A), appellant also obtained a multistate privilege that allowed her to practice in Virginia. Appellant utilized this multistate privilege to practice at INOVA Hospital in Fairfax County until she resigned on December 30, 2010. On April 5, 2011, the Department of Health Professions issued a report of

- 2 -

investigation concerning appellant, which alleged that appellant did not properly waste narcotics, but instead diverted them for personal use while working at INOVA Hospital.

Consequently, the Board sent appellant a notice of an informal conference to be held pursuant to Code §§ 2.2-4019, 2.2-4021, and 54.1-2400(10). A special conference committee of the Board met on October 26, 2011 to consider whether appellant was in compliance with applicable laws and regulations governing the practice of nursing in Virginia. After the conference, the matter was referred to the Board for a formal administrative hearing. On January 26, 2012, the Board held a formal administrative hearing at its headquarters in Henrico County, after which, the Board indefinitely suspended appellant's multistate privilege to practice in Virginia pursuant to Code § 54.1-3007.[1]

This suspension was based upon findings by the Board that appellant: 1) repeatedly failed to document administration of wastage of multiple controlled substances including fentanyl, a Schedule II narcotic; 2) overrode protocol by administering medications to patients who were not yet scheduled to receive them; and 3) had the highest rate of discrepancies in withdrawals, administration, and wastage of narcotics. The Board also found that appellant tested positive for fentanyl and norfentanyl, neither of which she had a prescription for, on a drug test administered while appellant was on duty at INOVA Hospital. On February 14, 2012, appellant filed her notice of appeal with the Board.

---

[1] Code § 54.1-3007 provides,

> The Board may . . . suspend any license . . . or multistate licensure
> privilege for a stated period or indefinitely . . . for . . .
> [u]nprofessional conduct; . . . [p]racticing in a manner contrary to
> the standards of ethics or in such a manner as to make his practice
> a danger to the health and welfare of patients or to the public; . . .
> [u]se of alcohol or drugs to the extent that such use renders him
> unsafe to practice . . . [or] abuse, negligent practice, or
> misappropriation of a patient's or resident's property.

Thereafter, appellant timely filed a petition for appeal with the Fairfax Circuit Court. The Board subsequently filed a motion to transfer venue to the Henrico Circuit Court, to which appellant responded with a brief in opposition. Nevertheless, the Fairfax Circuit Court granted the Board's motion.

On November 2, 2012, the Henrico Circuit Court heard appellant's petition for appeal and, on December 21, 2012, entered a final order denying the petition and upholding the Board's order indefinitely suspending appellant's multistate privilege. This appeal followed.

## II. STANDARD OF REVIEW

When an agency of the Commonwealth, such as the Board, conducts a hearing "to determine whether to revoke or suspend a [licensed health professional's] license . . . [that hearing is] subject to the provisions of the Virginia Administrative Process Act [("VAPA")]." Goad v. Virginia Bd. of Med., 40 Va. App. 621, 633, 580 S.E.2d 494, 500 (2003). Code § 2.2-4027 of the VAPA authorizes judicial review of an agency decision by a circuit court. The circuit court will review an agency's action in a manner "'equivalent to an appellate court's role in an appeal from a trial court.'" J.P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169 (1997) (quoting Sch. Bd. v. Nicely, 12 Va. App. 1051, 1061-62, 408 S.E.2d 545, 551 (1991)). When a circuit court is reviewing an agency's decision, "[t]he burden is upon the party complaining of an agency action to demonstrate an error of law subject to review." Roanoke Mem'l Hosp. v. Kenley, 3 Va. App. 599, 603, 352 S.E.2d 525, 527 (1987) (citation omitted).

Judicial review of an agency decision is limited to determining "1) [w]hether the agency acted in accordance with the law; 2) [w]hether the agency made a procedural error which was not harmless error; and 3) [w]hether the agency had sufficient evidential support for its findings of fact." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 241, 369 S.E.2d 1, 6 (1988). When reviewing claims of error, an agency's factual determinations are given substantial deference,

- 4 -

and are reviewed "only for whether they have support in substantial evidence." Mazloumi v. Dep't of Envtl. Quality, 55 Va. App. 204, 208, 684 S.E.2d 852, 854 (2009). The deference given to an agency's interpretation of law, however, depends on the law being interpreted. When the question involves an interpretation which is within the specialized competence of the agency, the interpretation is given substantial deference. Johnston-Willis, Ltd., 6 Va. App. at 243-44, 369 S.E.2d at 8. Courts should not, however, defer to an agency's interpretation "[i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have special competence, i.e., the common law or constitutional law . . . ." Id.

### III. ANALYSIS

Appellant has assigned a number of errors on appeal, but this Court need only address one: whether the Fairfax Circuit Court erred when it transferred appellant's appeal to the Henrico Circuit Court. Specifically, appellant argues that the Fairfax Circuit Court was a Category A venue, and the transfer to the Henrico Circuit Court, a Category B venue, was therefore an abuse of discretion.[2]

The party objecting to venue has the burden to establish that the venue chosen by the plaintiff was improper. Barnett v. Kite, 271 Va. 65, 69, 624 S.E.2d 52, 54 (2006). The determination whether the selected venue is proper is committed to the sound discretion of the

_____

[2] The Board initially asserts that appellant failed to adequately preserve her objection to the order transferring venue because she only noted a general objection as "seen and objected to." The Board, however, fails to note that appellant also filed a brief in opposition to the motion to transfer venue. Consequently, appellant preserved her objection under Code § 8.01-384(A), which provides that "[f]ormal exceptions to rulings or orders of the [trial] court [are] unnecessary[.] . . . [I]t shall be sufficient that a party makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor."

We also note that appellant did not raise her objection to the order transferring venue before the Henrico Circuit Court, but rather only before the Fairfax Circuit Court. The issue before this Court on appeal, therefore, is whether the Fairfax Circuit Court erred by transferring venue. Regardless, appellant's objection is still preserved because "[n]o party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal . . . ." Code § 8.01-384(A).

trial court.  Id.  Accordingly, a trial court's action "in [granting] a motion [to transfer venue] cannot be reversed unless the record affirmatively reflects an abuse of discretion."  Norfolk & W. R. Co. v. Williams, 239 Va. 390, 391, 389 S.E.2d 714, 715 (1990).

"The matter of venue is regulated by statute in Virginia."  City of Danville v. Virginia State Water Control Bd., 18 Va. App. 594, 597, 446 S.E.2d 466, 468 (1994).  The purpose of the venue statute is to assure that every action shall be commenced and tried in a forum convenient to the parties and witnesses, where justice can be administered without prejudice or delay.  Id.

Under the VAPA, Code § 2.2-4026 states that any "party aggrieved by and claiming unlawfulness of a case decision" by the Board "shall have a right to the direct review thereof by an appropriate and timely court action . . . [which] may be instituted in any court of competent jurisdiction as provided in Code § 2.2-4003."  Code § 2.2-4003 provides that "[i]n all proceedings under § 2.2-4026, venue shall be as specified in subdivision 1 of [Code] § 8.01-261."  Code § 8.01-261(1) details preferred places of venue, referred to as Category A, and specifies that "venue laid in any other forum shall be subject to objection."  Pursuant to Code § 8.01-261(1), the following forums are designated as Category A, preferred venues:

> In actions for review of, appeal from, or enforcement of state administrative regulations, decisions, or other orders:
> a. If the moving or aggrieved party is other than the Commonwealth, or an agency thereof, then the county or city wherein such party:
>     (1) Resides;
>     (2) Regularly or systematically conducts affairs or business activity; or
>     (3) Wherein such party's property affected by the administrative action is located.
> b. If the moving or aggrieved party is the Commonwealth or an agency thereof, then the county or city wherein the respondent or a party defendant:
>     (1) Resides;
>     (2) Regularly or systematically conducts affairs or business activity; or
>     (3) Has any property affected by the administrative action.

c. If subdivisions 1 a and 1 b do not apply, then the county or city wherein the alleged violation of the administrative regulation, decision, or other order occurred.

In the present case, appellant is a resident of the State of Maryland and, at the time of her appeal from the Board's decision, was no longer employed at INOVA Hospital in Fairfax. Accordingly, the Fairfax Circuit Court is not a Category A venue under Code § 8.01-261(1)(a)(1)-(2). Appellant also owns no property in Fairfax that was affected by the Board's action. Her license to practice nursing was issued by Maryland, and she was only able to practice in Virginia via her multistate privilege. Consequently, there is no Category A venue under Code § 8.01-261(1)(a)(3). Furthermore, Code § 8.01-261(1)(b) does not provide any basis for Category A venue as the "moving or aggrieved" party in this case is not the Commonwealth or an agency thereof.

Appellant argues, however, that the Fairfax Circuit Court is a preferred venue under Code § 8.01-261(1)(c), which provides that when appealing an order of an administrative agency, the "county . . . wherein the alleged violation of the administrative regulation . . . occurred" is a Category A venue.

In the present case, the Department of Health's original report of investigation alleged that appellant was improperly diverting her patients' medicine for personal use, in violation of Code § 54.1-3007, while working at INOVA Hospital in Fairfax County. Consequently, Fairfax County is a Category A venue under Code § 8.01-261(1)(c) because it is the location where appellant's alleged violation of the administrative regulation occurred.

The Board counters, however, that appellant's appeal of the Board's decision is not a proceeding to enforce an alleged violation of an administrative regulation, but rather is a review of the Board's decision. Therefore, as the Board argues, preferred venue under Code § 8.01-261(1)(c) is in Henrico County, where the Board's decision occurred.

This argument is contrary to the plain language of Code § 8.01-261(1), which does not require that the appeal be in the form of an enforcement action, but rather provides that venue is proper where the "alleged violation of the administrative regulation . . . occurred," which in this case is Fairfax. Under Code § 8.01-262, the Henrico Circuit Court was a Category B venue as it is the location of the Board's offices and where the Board "regularly conducts . . . business activity." As Code § 8.01-261 provides, however, when venue is enumerated under Category A, "[v]enue laid in any other forum shall be subject to objection." Consequently, the Fairfax Circuit Court abused its discretion when it transferred appellant's appeal to the Henrico Circuit Court.[3]

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the Fairfax Circuit Court was a Category A venue and, therefore, abused its discretion in transferring appellant's appeal to the Henrico Circuit Court, a Category B venue. Consequently, this Court reverses the order transferring venue to the Henrico Circuit Court, sets aside the order of the Henrico Circuit Court denying appellant's appeal, and remands the case to the Henrico Circuit Court with direction to transfer venue to the Fairfax Circuit Court for further proceedings.[4]

Reversed and remanded.

---

[3] Our conclusion is supported by the Revisors' Note to Code § 8.01-261(1), which provides that "[subsection 1] has eliminated the necessity for citizens being forced to go to Richmond in order to challenge administrative actions or to protect their rights against adverse administrative decisions." In the present case, this is essentially what was required of appellant.

[4] In her prayer for relief, appellant requests that this Court order the Board to advise the State of Maryland Board of Nursing, the National Practitioner Data Bank, and the National Council of State Boards of Nursing that the Board has not suspended appellant's license. Our ruling, however, does not reverse the Board's decision to suspend appellant's license, but merely remands for further proceedings. Consequently, such an order would be inappropriate.

Appellant further requests an order requiring the Board to redact her name from all publicly available documents and seal the record of her case. In order to overcome the strong presumption in favor of public access to judicial records "the moving party must bear the burden of establishing an interest so compelling that it cannot be protected reasonably by some [other] measure." Shenandoah Pub. House, Inc. v. Fanning, 235 Va. 253, 259, 386 S.E.2d 253, 256 (1988). Appellant has made no such showing; therefore, we deny her request.

- 8 -