## Richmond

### CARL ARTHUR ROCHELLE

### V.

### CONNIE GALE PETERS ROCHELLE

April 29, 1983.

Record No. 801640.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, Russell, JJ., and Harrison, Retired Justice.

*Gwendolyn Jo M. Carlberg* for appellant.

*Gilbert K. Davis (Davis & Gillenwater*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This child custody dispute raises issues concerning jurisdiction and venue. Carl and Connie Rochelle were married in 1971. Two children were born of the marriage: Carl, III, born in 1972 and John, born in 1974. The marriage proved unhappy, and the parties separated in 1976. They executed a property settlement agreement which purported to vest custody of the children in the mother and give liberal visitation rights to the father. In practice, however, the children divided their time equally between the parents.

From December 1977 until June 1978, the parties again lived together at the family home in Arlington County in an effort to reconcile. On June 15, 1978, while the children were visiting their grandmother in North Carolina, the mother left the home in Arlington and moved into an apartment in Washington, D.C. At the end of the summer of 1978, the parents enrolled the boys in private schools in the Washington area. They spent five nights each week with their mother and the other two nights with their father. No judicial proceedings had yet been instituted.

In October 1978, without notice to the father, the mother, at a time when the children were visiting her, moved with them to Franklin County. She enrolled them in local schools, found a place to live near the home of her parents, and sought local employment. On October 24, 1978, she filed a "Petition" in the Circuit Court of Franklin County, naming the father as defendant, praying for custody of both children and for child support, spousal support, and costs.

On the following day, October 25, the father filed a petition for custody in the Juvenile and Domestic Relations Court of Arling-

ton County.[1] He appeared in that court personally, and secured entry of an *ex parte* order vesting temporary custody of both boys in him pending a further hearing to be held on November 15, 1978. The father later testified that he was aware on October 25 that the children had been removed to Franklin County, but that he did not know of the pendency of the mother's petition in the circuit court there. He was not served with the Franklin County process until November 6.

On November 14, 1978, both parties appeared, with counsel, in the Circuit Court of Franklin County. The father's counsel brought the Arlington temporary custody order to the court's attention, but the court ruled that it had jurisdiction to make a custody determination because the children were physically present within its territorial jurisdiction. The court awarded physical custody to the mother, directed that investigations and reports be made by appropriate officers in both Arlington and Franklin Counties, and continued the case for further proceedings. Upon learning of the circuit court case in Franklin County, the Arlington Juvenile and Domestic Relations Court took no further action except to forward the requested report to Franklin County.

On June 27, 1979, the father filed a bill of complaint for a "no-fault" divorce in the Circuit Court of Franklin County in which he prayed for custody of both boys. On July 6, 1979, at a consolidated hearing, the court took evidence on both the custody and divorce issues. It entered a decree on August 10 which granted the father a "no-fault" divorce, expressly ruled that the mother was not entitled to spousal support, and reserved the issues of custody, child support, and visitation rights for future determination. The appropriate officers in Franklin County were directed to make monthly unannounced visits to the mother's home and to make monthly reports to the court. Temporary custody was continued in the mother. On June 25, 1980, the court held a final custody hearing. It awarded permanent custody of the boys to the mother, with visitation rights to the father. The father assigns error to the court's assumption of jurisdiction, its ruling that Franklin County was the proper venue, and its conclusion that an award of custody to the mother was in the best interests of the children.

---

[1] The father's brief erroneously implies that his Arlingon petition, filed October 25, was first in time, because the mother filed her Franklin petition "[o]n or about October 26, 1978." As stated above, the Franklin petition was filed first, on October 24. For the reasons stated below, however, the order of filing is irrelevant to the question of jurisdiction.

 We first consider the question of jurisdiction. Code § 16.1-241(A) purports to vest in the juvenile and domestic relations district courts exclusive original jurisdiction of all cases involving child custody, visitation, and control. But Code § 16.1-241(A)(3) expressly makes this jurisdiction concurrent with that of the circuit courts "as provided in § 16.1-244 hereof." Code § 16.1-244 provides in pertinent part:

> Nothing contained in this law shall deprive any other court of the concurrent jurisdiction to determine the custody of children upon a writ of habeas corpus under the law, or to determine the custody, guardianship, visitation or support of children when such custody, guardianship, visitation or support is incidental to the determination of causes pending in such courts, provided that when a circuit court shall have taken jurisdiction thereof by entry of an order relating to custody, guardianship, visitation or support the juvenile and domestic relations district courts shall be divested of such jurisdiction.

We construed the predecessors of these sections to mean that the circuit court had no original jurisdiction to entertain a petition for custody, support and visitation, unless such matters were incidental to a cause properly within the court's jurisdiction. *Poole* v. *Poole*, 210 Va. 442, 171 S.E.2d 685 (1970). Here, however, the mother filed a petition in the Circuit Court of Franklin County which prayed for an award of spousal support. This constitutes a claim for separate maintenance, which is within the inherent jurisdiction of a court of equity, even in the absence of statute. *Wilson* v. *Wilson*, 178 Va. 427, 17 S.E.2d 397 (1941).[2] Thus the circuit court had jurisdiction to entertain the mother's petition as a suit for separate maintenance and to determine all questions of child custody, support and visitation as matters incidental thereto.

 The fact that the mother's claim for spousal support proved unsuccessful is immaterial. The court's jurisdiction, once properly invoked, is not lost because a part of the claim on which it was based is later found to lack merit. When a court acquires jurisdiction of the subject matter and the person, it retains jurisdiction until the matter before it has been fully adjudicated. *Laing* v. *Commonwealth*, 205 Va. 511, 137 S.E.2d 896, 899 (1964). Be-

---

[2] Code § 16.1-241(L), enacted in 1981, does not affect this case.

cause the Franklin County Circuit Court had jurisdiction of the subject matter and the proper persons, the Arlington juvenile court was "divested of such jurisdiction" by Code § 16.1-244.

We next turn to the question of venue. The father argues that the only permissible venue for a suit for separate maintenance against him would have been in Arlington County, the place of his residence, citing Code § 8.01-262. That section, however, is contained in chapter 5 ("Venue"), Title 8.01, which constitutes a major revision of the former laws relating to the subject. Code § 8.01-259, also a part of chapter 5, provides in pertinent part:

Nothing in this chapter shall apply to venue in the following proceedings:

. . .

(6) Domestic relations proceedings.

. . .

Thus the venue of a suit for separate maintenance continues to be governed by the former law. Objections on grounds of improper venue in suits in equity, with certain statutory exceptions not here pertinent, were waived if not raised within twenty-one days after service of process by plea in abatement.[3] If the court had jurisdiction of the subject matter, and the proper parties plaintiff and defendant were before it, the objection to venue was a personal privilege of the defendant which was lost if not asserted in time and in the prescribed manner. *James* v. *Powell*, 154 Va. 96, 152 S.E. 539 (1930). Here, counsel for the husband made no timely objection to venue. Rather, when the circuit court ruled that it could entertain the petition if the children were actually present in Franklin County, counsel stated, "I'm not going to argue with that finding." The father's objection to venue with respect to the claim for separate maintenance relates to a defendant's privilege which was waived. It does not point to any lack of subject-matter jurisdiction so as to be cognizable on appeal for the first time. It will be disregarded here because it was never raised in the trial court. Rule 5:21.

Moreover, the court correctly ruled that venue was properly laid in Franklin County, as to the claim for custody, by virtue of

---

[3] The venue provisions of Code § 20-98 were, and still are, jurisdictional, but relate only to suits for divorce, affirmation of marriage, and annulment.

the physical presence of the children there. Such venue is expressly conferred by Code § 31-15 on "any court of record having equity jurisdiction in . . . the city or county in which the child is," in cases where "any husband and wife live in a state of separation, without being divorced." We held in *White* v. *White*, 181 Va. 162, 24 S.E.2d 448 (1943), that the venue thus conferred is transitory and shifts with the abode of the children.

■ We turn to the court's ruling on the merits. No purpose would be served by a review of the evidence, which was lengthy, detailed, and in substantial conflict. An Arlington County juvenile probation counsellor recommended that custody be awarded to the father. A Franklin County social worker recommended that custody continue in the mother. Depositions were read and evidence was taken *ore tenus* in three separate hearings over a period of nineteen months. During the twelve-month interval between the second and third hearing, monthly visitation and reports were ordered. Counsel filed written memoranda and made extensive oral arguments. The record shows that the chancellor gave the evidence, investigative reports, and arguments full and patient consideration. In these circumstances, we cannot substitute our conclusions for those drawn from the evidence by the trier of fact. A chancellor's finding on conflicting evidence, heard *ore tenus*, will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. *White* v. *Perkins*, 213 Va. 129, 189 S.E.2d 315 (1972). Code § 8.01-680.

For the foregoing reasons, the decree appealed from will be

*Affirmed.*