COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Frank
Argued at Norfolk, Virginia

**PUBLISHED**

DIANA K. BROWN

v.        Record No. 0553-18-1

MEGAN S. BROWN, INDIVIDUALLY AND AS
 CO-ADMINISTRATOR, C.T.A OF THE ESTATE OF
 BRUCE S. BROWN AND JOSHUA K. BROWN,
 CO-ADMINISTRATOR, C.T.A. OF THE
 ESTATE OF BRUCE S. BROWN

OPINION BY
JUDGE WILLIAM G. PETTY
NOVEMBER 13, 2018

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

Richard G. Collins (Collins & Hyman, PLC, on briefs), for
appellant.

Philip L. Hatchett (Daniel F. Basnight; Kaufman & Canoles, on
brief), for appellees.

In this appeal, we consider the effect of the death of a party in a bifurcated divorce

proceeding after the entry of a final decree of divorce but before the equitable distribution of the

marital property.

I.  BACKGROUND

Diana K. Brown (former wife) and Bruce S. Brown (former husband) were married in

1989.  On March 8, 2017, the circuit court entered a final decree of divorce between them.  In

part, the circuit court decreed,

> By agreement of the parties, and upon good cause shown, the
> [c]ourt reserves final determination of equitable distribution of
> property and debt in accordance with § 20-107.3 of the Code of
> Virginia, 1950, as amended, and an award of attorney's fees and
> costs.  A hearing is scheduled for April 19, 2017, at 1:00 p.m. to
> present closing arguments regarding equitable distribution of assets

and debts and an award of attorney's fees and costs and to review the status of the sale of the marital residence located [in Seaford, Virginia].

Neither party appealed the decree of divorce. The parties appeared on April 19, 2017, and presented evidence and argument regarding equitable distribution of the parties' assets. The court entered an order on May 1, 2017, *nunc pro tunc* to April 19, 2017, "upon consideration of the evidence presented and argument of counsel" "pending the final determination of equitable distribution of property and debt." The order described the procedure for maintenance and sale of the marital residence, including the use of funds from husband's individual retirement account, which was "an account subject to equitable distribution," to pay expenses on the marital residence. Further, the order required that any withdrawal in excess of $2,000 from the individual retirement account had to be approved by former wife and accompanied by a distribution to her of "the exact sum of money as the excess withdrawal." Additionally, the order set closing arguments regarding equitable distribution for August 2, 2017.

Former husband died on April 24, 2017. On August 9, 2017, the trial court granted former wife's motion to add Megan K. Brown (daughter) as a substitute party defendant, individually and as co-administrator c.t.a. of former husband's estate, and to add Joshua K. Brown (son) as a substitute party defendant as co-administrator c.t.a. of former husband's estate.[1] The trial court additionally ordered that the prior order to preserve marital assets, including the individual retirement account, would remain in effect. Daughter was the beneficiary named on that account.

---

[1] An administrator *cum testament annexo*, or c.t.a., is an administration granted by a court when a testator's will fails to provide for an administrator who is willing and able to administer the estate. See Administration *cum testament annexo*, Black's Law Dictionary (10th ed. 2014). In this case, the trial court appointed Megan K. Brown and Joshua K. Brown to be co-administrators c.t.a. of Bruce S. Brown's estate.

On August 29, 2017, daughter, individually and on behalf of the estate, filed a motion to dismiss the equitable distribution case. She argued that former husband's death abated that case. She further argued that while the divorce itself was final, the circuit court lost jurisdiction to distribute the marital assets due to the death of a party. She argued that, as beneficiary, she was now sole owner of former husband's individual retirement account, which had once been marital property. On March 8, 2018, the trial court granted daughter's motion and dismissed the case, concluding that it lost jurisdiction when former husband died. This appeal followed.

## II. ANALYSIS

"[A] trial court's jurisdiction is a question of law that is reviewed *de novo* on appeal." Reaves v. Tucker, 67 Va. App. 719, 727, 800 S.E.2d 188, 192 (2017). Additionally, "[s]tatutory interpretation is a question of law which we review *de novo*." Friedman v. Smith, 68 Va. App. 529, 539, 810 S.E.2d 912, 916 (2018).

### A. A TRIAL COURT'S JURISDICTION TO FULLY ADJUDICATE A DIVORCE CASE

"'Jurisdiction' means the power of a court to hear and determine a cause, which power is conferred by a constitution or by statute, or both." Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388, 404 S.E.2d 388, 392 (1991). "Jurisdiction in divorce suits is purely statutory, conferred in clear, detailed language." Estate of Hackler v. Hackler, 44 Va. App. 51, 67, 602 S.E.2d 426, 434 (2004) (quoting Sprouse v. Griffin, 250 Va. 46, 50, 458 S.E.2d 770, 772 (1995)). In Virginia, the circuit court has jurisdiction of suits for divorce, and such suits are "heard by the judge as equitable claims." Code § 20-96.

A trial court has jurisdiction in a divorce case to determine the status of the marriage and also to adjudicate ancillary matters. One such ancillary matter is the equitable distribution of marital property. Code § 20-107.3 provides that "upon decreeing a divorce from the bond of matrimony," the circuit court must determine the legal title of the parties' assets, the value of any

such property, and the rights of the parties in regard to the marital property. Code § 20-107.3 provides a framework by which a trial court "may equitably distribute the material fruits of the marriage." Brinkley v. Brinkley, 5 Va. App. 132, 136, 361 S.E.2d 139, 141 (1987). "The equitable distribution statute 'is intended to recognize a marriage as a partnership and to provide a means to divide equitably the wealth accumulated during and by that partnership based on the monetary and non-monetary contributions of each spouse.'" Robinson v. Robinson, 46 Va. App. 652, 661, 621 S.E.2d 147, 152 (2005) (quoting von Raab v. von Raab, 26 Va. App. 239, 245, 494 S.E.2d 156, 159 (1997)); see Booth v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988) ("The goal of equitable distribution is to adjust the property interests of the spouses fairly and equitably."). This framework was established by the General Assembly to ensure that both partners in the marriage share in the material increase, or decrease, that results from the marriage.

### B. A TRIAL COURT'S AUTHORITY TO BIFURCATE A DIVORCE CASE

The General Assembly has granted the trial court "discretion to effectively finalize the issue of divorce from the bond of matrimony independent of other ancillary issues . . . effectively transforming one case into two." Friedman, 68 Va. App. at 539, 810 S.E.2d at 917. Code § 20-107.3(A) provides that "[t]he court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by [Code § 20-107.3] when the court determines that such action is clearly necessary . . . ." "[A] court order properly bifurcating a divorce proceeding pursuant to Code § 20-107.3(A), which grants a divorce from the bond of matrimony but explicitly reserves other matters for future adjudication, is a final order with respect to the divorce issue[.]" Friedman, 68 Va. App. at 540, 810 S.E.2d at 917. As such, after twenty-one days, in the absence of appeal, the order is final and conclusive even though "the

circuit court retains jurisdiction over all other remaining matters explicitly reserved for future adjudication." Id.

Thus, Code § 20-107.3(A) permits the trial court to separate the divorce from the ancillary matters, including equitable distribution. Once the divorce decree becomes final and conclusive, the status of the marriage is no longer at issue. The trial court, however, retains jurisdiction to fully adjudicate the remaining issues, including jurisdiction to divide equitably the marital property.

C. THE EFFECT OF DEATH ON THE DIVORCE PROCEEDING

"[W]e have consistently held that 'when a court *of equity has once* acquired jurisdiction of a cause upon equitable grounds, it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies which would otherwise be beyond the scope of its authority.'" Asplundh Tree Expert Co. v. Pac. Emplrs. Ins. Co., 269 Va. 399, 409, 611 S.E.2d 531, 536 (2005) (quoting Erlich v. Hendrick Constr. Co., 217 Va. 108, 115, 225 S.E.2d 665, 670 (1976)); Rochelle v. Rochelle, 225 Va. 387, 391, 302 S.E.2d 59, 62 (1983) ("When a court acquires jurisdiction of the subject matter and the person [in a divorce case], it retains jurisdiction until the matter before it has been fully adjudicated."). Furthermore, adjudication of a valid cause of action typically survives the death of a party.

> Every cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive either the death of the person against whom the cause of action is or may be asserted, or the death of the person in whose favor the cause of action existed, or the death of both such persons.

Code § 8.01-25.

However, "a divorce suit abates when one party dies while the suit is pending and before a decree on the merits; this is because the death terminates the marriage, thus rendering the divorce suit moot as it relates to the parties' marital status." Sprouse, 250 Va. at 50, 458 S.E.2d

at 772.  The death of a spouse determines fully the marital status and therefore leaves nothing to adjudicate.  And, when "the jurisdiction to enter a decree in the main cause ends, no jurisdiction survives as to matters purely ancillary to that object."  Hackler, 44 Va. App. at 70, 602 S.E.2d at 435.  Because Code § 20-107.3 provides that a court may only distribute the assets and debts of a married couple "[u]pon decreeing the dissolution of [the] marriage, and also upon decreeing a divorce from the bond of matrimony," it stands to reason that the termination of the marriage by death rather than decree ends a court's jurisdiction to divide the property pursuant to Code § 20-107.3.  Thus, property owned by the living spouse remains that spouse's property while property owned by the deceased spouse passes under the laws of wills, descent, and distribution.

However, when a court bifurcates a divorce proceeding, the equitable distribution of marital property is no longer ancillary to the final divorce decree, but rather becomes, in essence, a distinct case.  Friedman, 68 Va. App. at 539-40, 810 S.E.2d at 917.   Although the status of the marriage has been resolved, the determination of the former spouses' rights and interests in the marital property remains before the court.  Virginia courts have long recognized that adjudication of property rights and interests does not abate with the death of a party.  See Squire v. Va. Hous. Dev. Auth., 287 Va. 507, 511, 758 S.E.2d 55, 57 (2014) (considering the merits of quiet title action after administrator of plaintiff's estate was substituted for plaintiff); Smith's Ex'x v. Profitt's Adm'r, 82 Va. 832, 851, 1 S.E. 67, 80 (1887) (considering the merits of a claim of beneficial interest giving rise to "an implied or constructive trust . . . to the extent of his interest" after administrators were substituted for two deceased parties); Hinton v. Bland's Adm'r, 81 Va. 588, 594 (1886) (noting an administrator of deceased was an indispensable party in a partition action where the court was required to "adjust all the equitable rights of the parties interested in the estate").

The Supreme Court has recognized this distinction between the resolution on the merits of a divorce case and the determination of property rights associated with the marital property.

> [W]here the consequences of the divorce are such as affect the property rights of the parties to the suit, the heirs or personal representatives may have such an interest in the litigation as that the cause will survive, not for the purpose of continuing the controversy touching the right of divorce within itself; but for the ascertainment of whether the property has been rightfully diverted from its appropriate channel of devolution.

Craddock's Adm'r v. Craddock's Adm'r, 158 Va. 58, 65, 163 S.E. 387, 389 (1932) (quoting Nickerson v. Nickerson, 48 P. 423, 423 (Ore. 1898)). Likewise, the Court recognized in Sprouse v. Griffin that even when a divorce proceeding abates due to the death of a party prior to the entry of a decree of divorce, the trial court nevertheless may retain jurisdiction over disposition of certain marital property. 250 Va. at 50, 458 S.E.2d at 773 (holding the trial court retained jurisdiction to distribute funds held in a court-created escrow during the now-abated divorce proceeding).

After the divorce of the parties is final and conclusive in a bifurcated proceeding, the trial court "retains jurisdiction until the matter before it has been fully adjudicated," Rochelle, 225 Va. at 391, 302 S.E.2d at 62, so as to "do complete justice between the parties," Pence v. Tidewater Townsite Corp., 127 Va. 447, 459, 103 S.E. 694, 698 (1920). This adjudication includes equitable distribution of marital property and "determin[ation] of a monetary award" based on "certain rights and interests in the marital property" the parties are deemed to have pursuant to Code § 20-107.3(B). Clayberg v. Clayberg, 4 Va. App. 218, 222-23, 355 S.E.2d 902, 904-05 (1987).

### D. The Trial Court Here Retained Jurisdiction

Viewing this case through the proper lens resolves it. On March 8, 2017, the circuit court entered the final decree of divorce and expressly reserved jurisdiction for "determination of

equitable distribution of property and debt in accordance with [Code] § 20-107.3 . . . ." Neither party appealed that order.[2] The divorce thus became final and conclusive. "Spouses have a right upon divorce to an equitable share of marital property[.]" David v. David, 287 Va. 231, 237, 754 S.E.2d 285, 289 (2014). Thus, once the divorce was final, former wife had a right to an equitable share of the marital property accumulated during the parties' twenty-five-year marriage. The trial court was obligated to complete the task of "equitably distribut[ing] the material fruits of the marriage." Brinkley, 5 Va. App. at 136, 361 S.E.2d at 141; Code § 20-107.3 ("Upon decreeing the dissolution of a marriage . . . the court *shall* determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible of the parties." (emphasis added)). The assets being litigated, including the individual retirement account and the real estate titled in former husband's name only, were marital property. The trial court's failure to fully adjudicate former wife's interest in the material fruits of the marriage subverted the "goal of equitable distribution [which] is to adjust the property interests of the spouses fairly and equitably." Booth, 7 Va. App. at 27, 371 S.E.2d at 572.[3]

---

[2] On appeal, daughter argues that the trial court erred in bifurcating the divorce proceeding because it failed to expressly state that the bifurcation was "clearly necessary." If daughter wanted to appeal the trial court's bifurcation of the case, Rule 5A:21 required her to present in her brief "a statement of any additional assignments of error [she] wishe[d] to present with a clear and exact reference to the page(s) of the transcript . . . where each additional assignment of error was preserved in the trial court." In her brief, daughter argued that the bifurcation was improper, but she did not assign error to the bifurcation nor provide a clear reference to where the issue was preserved in the trial court. Accordingly, we do not consider the argument. See Pollard & Bagby, Inc. v. Pierce Arrow, L.L.C., 258 Va. 524, 527-28, 521 S.E.2d 761, 763 (1999) ("Since [appellee has] not asserted cross-error to this ruling, it became the law of the case and is not before us in this appeal.").

[3] Our reasoning comports with the policies of other states. For example, the General Assembly of North Carolina amended its equitable distribution statute in 2001 to expressly provide that a "pending action for equitable distribution shall not abate upon the death of a party." Estate of Nelson v. Nelson, 633 S.E.2d 124, 128 (N.C. Ct. App. 2006) (quoting 2001 N.C. Sess. Laws ch. 364, § 2). "The fundamental purpose of this amendment was to allow an equitable distribution claim to survive the death of one of the parties." Id. See also Estate of

Daughter argues that the trial court terminated the marriage but lost jurisdiction to adjudicate former wife's rights and interests in the marital property that was titled in former husband's name; she argues that the marital property titled in former husband's name passes to former husband's heirs, and former wife gets nothing. We reject this argument because it ignores the right of partners in a marriage to share in the fruits of that marriage by deeming the spouses to have rights and interests in marital property regardless of how it is titled. See Code § 20-107.3. It also ignores the role of the trial court in fully adjudicating the matter so as "to adjust the property interests of the spouses fairly and equitably." Booth, 7 Va. App. at 27, 371 S.E.2d at 572.[4]

The trial court erred in concluding that it had lost jurisdiction. The status of the marriage was no longer at issue, and therefore former husband's death had no effect on the trial court's jurisdiction granted by Code § 20-107.3. Equity demanded that the trial court fully adjudicate the matter and make the determination of former wife's equitable interest in the marital property pursuant to Code § 20-107.3.

### III. CONCLUSION

Succinctly put, where a final decree of divorce has been entered in a bifurcated proceeding pursuant to Code § 20-107.3(A), the trial court retains jurisdiction to determine the rights and interests of the parties in the marital property pursuant to that code section even when one of the former spouses dies. The trial court thus erred in concluding it did not have

---

King v. King, 67 So. 3d 387, 388 (Fla. Dis. Ct. App. 2011) ("The death of a spouse does not, however, terminate the proceeding or the court's jurisdiction if the final judgment was entered prior to the death and the court retained jurisdiction to resolve remaining property issues.").

[4] The final order of divorce terminated former wife's right to elect a surviving spouse's share of her husband's estate pursuant to Code § 64.2-308.3. A contrary holding in this case would also preclude her from sharing in the monetary fruits of the marriage. We fail to see the equity of such an outcome.

jurisdiction over the equitable distribution of the marital property.  Accordingly, we reverse and remand for further proceedings in light of our holding.

<u>Reversed and remanded.</u>