PUBLISHED

## VIRGINIA:

*In the Court of Appeals of Virginia on*  **Tuesday**  *the*  **9th**  *day of*  **April, 2019**.

Alice Jin-Yue Guan,                                                                                      Petitioner,

 against                        Record No. 0391-19-4
                                       Circuit Court No. CL07003662

Bing Ran,                                                                                               Respondent.


Upon a Petition for Review Pursuant to Code § 8.01-626

Before Judges Petty, Alston and Senior Judge Annunziata


In a matter of first impression, this Court concludes that we do not have jurisdiction to review an injunction that is not effective due to movant's failure to post a bond. Accordingly, we dismiss the petition for review.

### BACKGROUND

Alice Jin-Yue Guan filed a petition for review pursuant to Code § 8.01-626 of an order granting temporary injunction entered February 27, 2019 by the Circuit Court for the City of Alexandria (the "order"). The order is part of a complex litigation involving the parties' divorce and the effect of an amended property settlement agreement on the ownership rights and management responsibilities for AdSTM, a company created and owned by the parties. The entirety of the order was as follows:

### ORDER GRANTING TEMPORARY INJUNCTION

THIS MATTER came to be heard upon the Defendant's Motion for Entry of Rule to Show Cause and For Temporary Injunction filed against the Plaintiff, ALICE JIN-YUE GUAN.

AND IT APPEARING to the Court that the following relief should be granted; it is, hereby,

ORDERED, ADJUDGED and DECREED as follows:

1. A temporary injunction against the Plaintiff is hereby granted enjoining her from having any contact with any AdSTM employees, attorneys and/ or

clients as well as enjoining her from having any physical access to any of AdSTM's offices and properties.

2. Plaintiff is hereby ordered to immediately return any funds or properties of AdSTM that she may have improperly acquired, and to immediately close any AdSTM accounts she has improperly opened.

3. *Plaintiff is enjoined from representing to third parties that she is the 51% majority shareholder of AdSTM, as she is 49%.*[1]

AND THIS CAUSE IS CONTINUED,

Entered this 27 day of February, 2019.

The order was signed by the circuit court judge. Guan petitioned this Court for review of the order.

ANALYSIS

"Before the merits of this case can be considered, [this Court] must determine whether it has jurisdiction." Minor v. Commonwealth, 66 Va. App. 728, 738 (2016) (alteration in original) (quoting Comcast of Chesterfield Cty., Inc. v. Bd. of Supervisors, 277 Va. 293, 299 (2009)). Both this Court's jurisdiction and statutory interpretation of the code sections at issue are questions of law which are reviewed *de novo*. Brown v. Brown, 69 Va. App. 462, 468 (2018). "The lack of subject matter jurisdiction cannot be waived and such jurisdiction cannot be conferred on a court by the litigants. The lack of subject matter jurisdiction may be raised at any time." Virginian-Pilot Media Cos., LLC v. Dow Jones & Co., Inc., 280 Va. 464, 468 (2010).

Code § 8.01-626 provides that when "a circuit court (i) grants an injunction . . . , an aggrieved party may, within 15 days of the court's order, present a petition for review . . . to a judge of the Court of Appeals" "if the issue concerning the injunction arose in a case over which the Court of Appeals would have appellate jurisdiction under § 17.1-405 or 17.1-406." "The word 'aggrieved' in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally." Health Sys. Agency of

---

[1] The text in italics was handwritten on the order.

N. Va., Inc. v. Stroube, 47 Va. App. 299, 311 (2005) (quoting Bd. of Supervisors of Fairfax Cty., 268 Va. 441, 449-50 (2004)); Party, Black's Law Dictionary (10th ed. 2014) ("aggrieved party [is a] party entitled to a remedy; esp., a party whose personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment"). Additionally, Code § 8.01-631 requires that, except in certain cases not applicable here, "no temporary injunction shall take effect until the movant gives bond with security in an amount that the trial court considers proper to pay the costs and damages sustained by any party found to have been incorrectly enjoined, with such conditions as the trial court may prescribe."[2]

Here, Guan seeks review of an order by the trial court related to a property settlement agreement from the parties' divorce. See Code § 17.1-405. The order enumerates several restrictions and requirements on Guan's interaction with AdSTM. There is little doubt that, once the injunction becomes effective, Guan's "personal, pecuniary, or property rights" in AdSTM will be "adversely affected." At that point, she will qualify as an aggrieved party for purposes of this Court's review of the injunction order. The injunction, however, is not yet effective because the movant, Ran, has not "give[n] bond with security in an amount that the trial court considers proper to pay the costs and damages sustained by" Guan if it turns out that Guan was improperly enjoined. It appears from the record before us that the trial court has not yet determined what the appropriate amount of bond will be. Until the movant "gives bond with security," the injunction does not "take effect." See Code 8.01-631(A). Accordingly, Guan is not yet enjoined from any action and is not an aggrieved party for purposes of review. See Code 8.01-626 (permitting aggrieved parties to seek review of a temporary injunction).

---

[2] An injunction bond is not required "in the case of a fiduciary or any other person from whom in the opinion of the court awarding an injunction it may be improper or unnecessary to require bond." Code § 8.01-631(A). Nothing in the trial court's order indicates it made such findings in this case.

CONCLUSION

Because the temporary injunction referenced in the trial court's February 27, 2019 order has not yet taken effect and there is not yet an aggrieved party enjoined by such temporary injunction, this Court does not yet have jurisdiction to review the merits of the order. We therefore dismiss the petition for review.

This order shall be published and certified to the circuit court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By: *original order signed by a deputy clerk of the Court of Appeals of Virginia at the direction of the Court*

Deputy Clerk