COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges AtLee, Chaney and Frucci
Argued by videoconference


LESLIE KAREN SWEENEY-FAGAN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2257-23-4                      VERNIDA R. CHANEY
                                                    JULY 15, 2025
MICHAEL CHRISTOPHER FAGAN


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        Douglas L. Fleming, Jr., Judge

           Minji Kim (Prosper Law PLLC, on briefs), for appellant.

           Heather S. Miller (Sevila, Saunders, Huddleston, White, on brief),
           for appellee.


        Leslie Karen Sweeney-Fagan (wife) appeals the circuit court's final divorce decree from

Michael Christopher Fagan (husband), as well as its equitable distribution, spousal support, and

attorney fee awards. Wife argues that the circuit court should have granted her a divorce on the

ground of adultery. Wife also challenges the circuit court's equitable distribution, spousal

support, and attorney fee awards. Finally, wife asserts that the "[circuit] court's erroneous legal

conclusions" and decision regarding the grounds of divorce infringed her constitutional rights

because it led to "excessively punitive consequences" for wife. For the following reasons, this

Court dismisses wife's challenge to the divorce decree as untimely and otherwise affirms the

judgment of the circuit court.

---

        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Husband and wife married in 1994 and separated on September 10, 2015.[2]  In December 2016, wife filed a complaint for divorce on the grounds of desertion, cruelty, adultery, or separation for a period of one year.  Husband counterclaimed for divorce on desertion and cruelty grounds.

Husband filed for bankruptcy in October 2016, and he received a discharge of debt, including marital debt, in February 2017.  Wife filed for bankruptcy in August 2017, and she received a discharge of debt, including marital debt, in November 2017.  However, after wife received an inheritance following her father's death in 2018, her bankruptcy case was reopened. The bankruptcy trustee "clawed back" wife's inheritance and applied it to previously discharged debts.

The parties' divorce case was repeatedly continued due to the pending bankruptcy cases.  In October 2020, the circuit court bifurcated the case; held a hearing on the grounds for divorce, pendente lite spousal support, and child support; and postponed the issues of spousal support, equitable distribution, and attorney fees.  During the hearing, husband again conceded adultery.  At the close of the hearing, the circuit court granted wife a divorce based on the one-year separation. The circuit court found that labeling "this marriage as a marriage that ended solely because of adultery is a mislabel in this case."  The circuit court also noted that it could still consider "evidence of infidelity" when it considered "a final spousal support ruling."

Wife requested a pendente lite spousal support award retroactive from the date she filed for divorce.  The circuit court found that husband's annual income ranged from a high of $129,594 to a

---

[1] Under settled appellate principles, we view all the evidence and reasonable inferences in the light most favorable to husband because he was the prevailing party in the circuit court.  *Starr v. Starr*, 70 Va. App. 486, 488 (2019); *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003).

[2] Three children were born to the marriage; all were emancipated adults when the circuit court entered the final order.

low of $6,048 between December 2016 and October 2020; wife's annual income ranged from a high of $19,485 to a low of zero during that same period. The circuit court granted wife pendente lite support as of the hearing date, but denied her request to make the support retroactive, explaining that "[b]oth parties were using credit cards" and "contributing money" during the separation period.

The circuit court entered the final decree of divorce on December 30, 2020. The divorce decree awarded wife pendente lite spousal support for $965 per month, commencing October 2020.[3] The final order stated, "This matter is final as to the grounds for divorce and child support." However, the circuit court continued the matter and retained jurisdiction to consider equitable distribution, spousal support, and attorney fees. Wife did not appeal the divorce decree.

The circuit court scheduled a hearing in May 2023 for equitable distribution, permanent spousal support, and attorney fees. Before the hearing, the parties entered joint stipulations in which they agreed on the classification and valuation of many assets and debts. But they could not agree on several items of personal property, including a three-stone ring, a christening gown, and Christmas items. The parties also disputed several debts that had been in wife's name, including credit card debts with TD Bank, Discover, APG Federal Credit Union, Bank of America, three accounts with JP Morgan Chase, Midland Funding, two accounts with American Express, and Capital One, amounting in total to $123,195. Wife did not request future spousal support but requested retroactive spousal support from December 2016 until November 2021.[4]

In the matter of equitable distribution, wife argued that the $346,089.74 the bankruptcy trustee took from her inheritance satisfied marital debt, so husband was liable to her for his share of

---

[3] The divorce decree also ordered husband to pay child support and found a child support arrearage of $49,104.51. At the time, two of the children were minors.

[4] Wife's income later "substantially increased." Unaware, husband continued to pay spousal support through February 2023, when the circuit court entered an agreed order terminating husband's support obligation.

that debt. Husband responded that he had fully discharged the marital debt through his bankruptcy, in accordance with the parties' agreement, and he contended that apportionment of marital debt by lump-sum payment would unlawfully circumvent his valid order of discharge by the bankruptcy court. Husband also argued that wife had no basis on which she could collaterally attack the bankruptcy order, nor had she attempted to intervene in husband's bankruptcy case.

The evidence showed that the parties had amassed significant debt during the marriage and separation period. Husband testified that wife overspent and that she "collected everything." For example, he attested that wife had "multiples of Longaberger baskets, Swarovski crystals, electronics, dolls, [and] jewelry. [They] had multiples of rice cookers and crock pots, and [they] probably had four to five . . . good sets of dishes[.]" Wife did not "think [they] overspent more than a typical person on [their] daily living," and that she "did so many things to try and save money." But wife repeatedly opened new credit card accounts, rolling over the existing debt. Wife explained that husband had a security clearance for his employment, so he could not take credit in his name. Wife had "so many cards in [her] name . . . [and told husband that he] ha[s] to start opening some," which he did, and the parties rolled some debt to those accounts. However, when the parties separated in September 2015, husband only paid for the cards in his name. Wife explained that she needed retroactive support because after their separation, husband "started only paying those three or four that were in his name, [but] didn't pay the mortgage, didn't pay any of all the other credit cards, [and] didn't pay any of the bills." Wife also supported the parties' children. Wife withdrew money from her 401(k) account to pay household expenses and the mortgage on the marital home.

Wife was not employed when the parties separated. She worked as a contractor and had been unable to find a project. Wife was "always trying to find work in . . . Pick [programming]," which was a "niche field" in computer programming with "a limited amount of technicians." Wife testified that although she and husband had agreed she would file for bankruptcy first because hers

- 4 -

would be "simple," she delayed filing on the advice of counsel. Husband then filed for bankruptcy without telling her, and wife testified that she had to wait a year "in order to save the house." Wife's bankruptcy became final in 2022.

Husband testified that he had a Fidelity retirement account; as of December 31, 2019, the account had a balance of $269,652.66. Between that time and the date of the hearing, husband had withdrawn approximately $60,000 from that account to pay his attorney fees.

Regarding the contested items of personal property, wife testified that she had several Christmas items that were "extremely important" to her. According to wife, husband took many of those items while she was out of town, so she wanted a "full disclosure" of the Christmas items husband had. Husband testified that he took less than half of the ornaments, and later returned 70 of them. Wife also alleged that she last saw her three-stone ring, which she claimed she had purchased before the marriage, in husband's possession; husband claimed that wife took all of her jewelry with her. Husband asked for the return of a christening gown that belonged to his family. Wife testified that the children had been baptized in the gown, and she asked it to be passed to them, stating "[i]t's not even mine, it's my children's."

The circuit court was unable to value and classify many of the debts because wife failed to present sufficient evidence of the amount of debt at separation, how that debt changed throughout the separation period, and the reasons for the debt. Regarding the personal property, the circuit court found the evidence insufficient to classify the Christmas ornaments and wife's three-stone ring, and thus made no ruling on these items. The circuit court held that the christening gown was husband's separate property and ordered wife to return it to him. The circuit court accepted the parties' Fidelity IRA investment account valuation at $218,565 and awarded wife $109,282.50. But the circuit court awarded husband $75,000 in partial reimbursement of attorney fees, to be credited directly to husband from wife's share of the Fidelity proceeds. The circuit court held that wife had

failed to establish an "economic need [to] justify a retroactive spousal support award." Finally, the circuit court held that the contested debt payment from wife's inheritance was subject to husband's bankruptcy ruling and thus not subject to equitable distribution and apportionment. The circuit court later denied wife's motion for reconsideration. Wife appeals.

ANALYSIS

Wife's ten assignments of error can be grouped into four categories: grounds for divorce, equitable distribution, spousal support, and attorney fees. First, wife argues that the circuit court erred "in its failure to award [w]ife a divorce based on [h]usband's adultery proven by clear and convincing evidence[.]" Second, wife contends that the circuit court erred "in its failure not to order the return of [w]ife's personal property . . . in particular, the ring and Christmas items" and failed in "giving insufficient weight to [h]usband's proven adultery grounds . . . as a factor in determining . . . equitable distribution." Third, wife alleges that the circuit court erred in "denying [w]ife retroactive *pendente lite* spousal support from the date of filing until October 7, 2020" and denying her motion to reconsider. Fourth, wife asserts that the circuit court erred in awarding attorney fees to husband. We find that wife's remaining assignments of error are waived because wife raises these issues for the first time on appeal.[5] *See* Rule 5A:18. For the reasons stated below, this Court dismisses wife's challenge to the divorce decree as untimely and otherwise affirms the circuit court's judgment.

---

[5] Under wife's waived assignments of error, she argues that the circuit court erred in (1) failing to consider each factor in Code § 20-107.3 and lacked specific findings of fact that supported the court's distribution of marital assets and debts; (2) declining jurisdiction to order the division of marital debts pursuant to Code § 20-107.3; (3) failing to properly classify and apportion marital debts in the wife's sole name and paid by her inheritance; and (4) infringing on wife's fundamental property rights under the U.S. and Virginia Constitutions.

## I. Grounds for Divorce

Wife argues that the circuit court erred by failing to "award [w]ife a divorce based on [h]usband's adultery proven by clear and convincing evidence and erred in its conclusion that 'it doesn't make any legal difference.'" Husband argues that wife's appeal is barred because the circuit court's divorce decree was final and became unappealable under Rule 1:1. Thus, he concludes that this Court lacks jurisdiction to hear her appeal on this issue. For the following reasons, we find that wife did not timely appeal the divorce decree. Therefore, this Court has no jurisdiction, and we must dismiss this portion of wife's appeal.

"The General Assembly has granted the [circuit] court 'discretion to effectively finalize the issue of divorce from the bond of matrimony independent of other ancillary issues . . . effectively transforming one case into two.'" *Brown v. Brown*, 69 Va. App. 462, 469 (2018) (second alteration in original) (quoting *Friedman v. Smith*, 68 Va. App. 529, 539 (2018)). "The court, on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by [Code § 20-107.3] when the court determines that such action is clearly necessary[.]" Code § 20-107.3(A). "[A] court order properly bifurcating a divorce proceeding pursuant to Code § 20-107.3(A), which grants a divorce from the bond of matrimony but explicitly reserves other matters for future adjudication, is a final order with respect to the divorce issue[.]" *Brown*, 69 Va. App. at 470 (alterations in original) (quoting *Friedman*, 68 Va. App. at 540). After twenty-one days, unless appealed, the order is final and conclusive even though "the circuit court retains jurisdiction over all other remaining matters explicitly reserved for future adjudication." *Id.* (quoting *Friedman*, 68 Va. App. at 540). "Once the divorce decree becomes final and conclusive, the status of the marriage is no longer at issue." *Id.*

Although it reserved jurisdiction to determine ancillary issues, the circuit court's December 30, 2020 divorce order expressly provided that it was final as to the grounds of

divorce. "[N]o appeal will be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court . . . counsel files with the clerk of the trial court a notice of appeal." Rule 5A:6(a). Wife did not note an appeal until December 14, 2023. Thus, this Court has no jurisdiction to consider wife's challenge to the grounds on which the circuit court awarded the divorce. *See* Rule 5A:6(a); *Hall v. Hall*, 9 Va. App. 426, 428-29 (1990) (holding that to appeal a particular issue resolved by a circuit court's ruling in a final divorce decree, a party must appeal from the decree within 30 days of its entry).

Wife concedes that there was an opportunity for appeal when the final order was entered and failed to do so. However, wife contends that this Court retains jurisdiction pursuant to the amended Code § 17.1-405, which prohibits interlocutory appeals involving divorce decrees. Wife's argument is unpersuasive. Under Code § 20-107.3, a circuit court, "on the motion of either party, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary[.]" Here, the circuit court held "good cause was previously found to bifurcate and continue the issues of equitable distribution[.]" "A final order or decree for the purposes of Rule 1:1 'is one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" *Friedman*, 68 Va. App. at 538 (alteration in original) (quoting *de Haan v. de Haan*, 54 Va. App. 428, 436-37 (2009)). "Thus, a 'decree which leaves anything in the cause to be done by the court is interlocutory,' rather than final, in nature." *Id.* (quoting *Prizzia v. Prizzia*, 45 Va. App. 280, 285 (2005)).

Wife relies on this Court's holding in *Choi v. Choi*, 78 Va. App. 110 (2023), for the proposition that the new legislation preserved her appeal. However, this case is distinguishable

from *Choi*. There, the circuit court entered a pendente lite order granting in part appellee's motion. *Id.* at 112. This Court found that Code § 17.2-405 "clearly exclude[d]" appellee's appeal from its appellate jurisdiction because "[a] pendente lite order is interlocutory." *Id.* at 113-14 ("A pendente lite order 'is not a final order, is not directly appealable, and has no presumptive or determinative effect on the underlying cause of divorce." (quoting *Everett v. Tawes*, 298 Va. 25, 34 (2019))). Conversely, the Supreme Court of Virginia has expressly stated that "a final decree of divorce is a final decree within the meaning of Rule 1:1." *Jackson v. Jackson*, 298 Va. 132, 140 (2019). The General Assembly's use of the phrase "final decree of divorce" "clearly suggests that, following bifurcation of the divorce from the remaining matters, the circuit court loses jurisdiction over the divorce decree twenty-one days from the entry of the order." *Friedman*, 68 Va. App. at 540 ("[T]he plain, obvious, and rational meaning of the statutory language 'final decree of divorce' clearly suggests a statutory classification of finality for the purposes of appeal."). Wife's failure to timely file an appeal leaves this Court without jurisdiction to consider this assignment of error.

## II. Equitable Distribution

Wife argues that the circuit court "erred in its failure not to order the return of [w]ife's personal property that remains in [h]usband's possession, in particular the [three-stone] ring and Christmas items whereas the return of [h]usband's christening gown was ordered."

"[I]n reviewing an equitable distribution award on appeal, we have recognized that the [circuit] court's job is a difficult one, and we rely heavily on the discretion of the [circuit] judge in weighing the many considerations and circumstances that are presented in each case." *Payne v. Payne*, 77 Va. App. 570, 596 (2023) (quoting *Stark v. Dinarany*, 73 Va. App. 733, 749-50 (2021)). "Accordingly, 'decisions concerning equitable distribution rest within the sound discretion of the [circuit] court.'" *Id.* (quoting *Stark*, 73 Va. App. at 750). "The [circuit] court's

'discretion is limited only in that the [circuit] court must consider all of the factors in Code § 20-107.3(E).'" *Id.* (quoting *Stark*, 73 Va. App. at 750). We will not overturn a circuit court's equitable distribution award absent "an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award." *Dixon v. Dixon*, 71 Va. App. 709, 717-18 (2020) (quoting *Anthony v. Skolnick-Lozano*, 63 Va. App. 76, 83 (2014)).

Wife contends that "[e]quity requires that [w]ife's personal property in [h]usband's possession such as the three-stone ring and the Christmas items should have been ordered to be returned to [w]ife." But wife failed to provide evidence from which the circuit court could classify or value these disputed items. The court opined that, "[a]s it stands, the parties disagree generally about the ornaments, but leave the court to speculate wildly on classification, identification, and value." Further, the court found "scant evidence" on the value of wife's jewelry, and it had unsubstantiated contentions from each party regarding the three-stone ring. "[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made[.]" *Reaves v. Tucker*, 67 Va. App. 719, 738 n.10 (2017) (first alteration in original) (quoting *Bowers v. Bowers*, 4 Va. App. 610, 617 (1987)). Wife failed to provide evidence on which to base an equitable distribution of the parties' tangible personal property. As such, we find that the circuit court did not abuse its discretion in its equitable distribution award.

Moreover, wife conceded at the hearing she "believe[d] that those items have since been dealt with . . . that [each] will be keeping their own." "[A] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The doctrine protects a

- 10 -

basic tenet of fair play: No one should be permitted, in the language of the vernacular, to talk through both sides of his mouth." *Miles v. Commonwealth*, 78 Va. App. 73, 83 (2023) (quoting *W. Refin. Yorktown, Inc. v. Cnty. of York*, 292 Va. 804, 826 (2016)). "The approbate-reprobate doctrine is broader and more demanding than Rule 5A:18." *Id.* at 84 (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 709 (2010)). Wife told the circuit court that the dispute related to the personal items had been resolved. Accordingly, wife has waived her arguments regarding the three-stone ring and Christmas items. This Court therefore affirms the circuit court's equitable distribution award.[6]

### III. Spousal Support

Wife contends that the circuit court erred in denying her "retroactive *pendente lite* spousal support from the date of filing until October 7, 2020[.]"[7]

"The [circuit] court has 'broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion.'" *Wyatt v. Wyatt*, 70 Va. App. 716,

---

[6] Wife also contends that the circuit court erred in "giving insufficient weight to [h]usband's proven adultery as grounds for divorce and a factor in determining spousal support, equitable distribution, and attorney[] fees." But she offers no argument in support of this contention beyond the mere assertion that "[i]mplications of adultery in spousal support and equitable distribution are well-established." It is not this Court's responsibility to construct an appellant's arguments. "Absent argument and authority, an assignment of error is deemed to be abandoned." *Lafferty v. Sch. Bd. of Fairfax Cnty.*, 293 Va. 354, 365 (2017); *see also Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) ("Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" (alteration in original) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008))). Wife has not provided argument and authority to support her asserted error, so we find it abandoned.

[7] As part of her argument, wife suggests that the circuit court should have awarded presumptive pendente lite spousal support retroactively under Code § 16.1-278.17:1. However, wife did not invoke that specific statute in the circuit court as a basis for retroactive support. "On appeal, though taking the same general position as in the [circuit] court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." *Moison v. Commonwealth*, 302 Va. 417, 419 (2023) (quoting *W. Alexandria Props., Inc. v. First Va. Mortg. & Real Est. Inv. Tr.*, 221 Va. 134, 138 (1980)). Thus, this specific argument is waived. Rule 5A:18.

719 (2019) (quoting *Giraldi v. Giraldi*, 64 Va. App. 676, 681 (2015)). "When a court awards spousal support based upon due consideration of the factors enumerated in Code § 20-107.1, as shown by the evidence, its determination 'will not be disturbed except for a clear abuse of discretion.'" *Chaney v. Karabaic-Chaney*, 71 Va. App. 431, 435 (2020) (quoting *Dodge v. Dodge*, 2 Va. App. 238, 246 (1986)). "In determining the appropriate amount of spousal support, the [circuit] court must consider the needs of the requesting party and the other spouse's ability to pay." *Wyatt*, 70 Va. App. at 719 (quoting *Alphin v. Alphin*, 15 Va. App. 395, 401 (1992)). Circuit courts have discretion to make the spousal support award retroactive to the date of filing. *See* Code § 20-107.1(A) (providing that upon entry of a divorce, "the court may make such further decree as it shall deem expedient concerning the maintenance and support of the spouses").

Here, the record establishes that the circuit court thoroughly considered Code § 20-107.1 in determining the spousal support award. Wife contends that the court erred in finding she had not provided evidence of her need for an award of retroactive support. Wife argues that she "presented evidence of needs through her testimony, financial documents and income and expense statement at the October 2020 trial and again at the May 2023 trial[.]" Wife further asserts that she "had no income and was struggling to pay the mortgage over $6,000 a month, household expenses and the children's expenses." Wife also highlights the "parties' income disparity during [that time] period."

On review, we find the record supports the circuit court's finding that wife did not present any specific evidence of need from the date of filing her complaint to October 8, 2020, to justify retroactive spousal support. The record reflects that wife presented only a generalized claim of need. The circuit court considered that generalized claim, along with the disparity in the parties' incomes, against its findings that wife's inability to find employment was due in part to

the limit of her job search in a niche field and her "considerable unnecessary discretionary purchases." Code § 20-107.1(E).

Wife also argues that the circuit court "failed to properly consider [h]usband's adultery as the circumstances and factors which contributed to the dissolution of the marriage." Code § 20-107.1(E) provides that "[t]he court, in determining whether to award support and maintenance for a spouse, shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery and any other ground for divorce[.]" Wife contends that the circuit court "did not comply with this statutory requirement and failed to properly consider [h]usband's adultery as the circumstances and factors which contributed to the dissolution of the marriage" and the court "abused [its] discretion by not properly considering [h]usband's adultery and its negative impact, both monetary and non-monetary, on the family[.]" But the circuit court's letter opinion noted that husband "began a romantic relationship with another woman and was seldom home" and that his "admitted adultery was a negative non-monetary factor in the marriage." The circuit court further opined that husband's "infidelity was not the *sole circumstance* that contributed to the dissolution of the marriage." (Emphasis added). The circuit court did not abuse its discretion in declining to award wife retroactive spousal support. Therefore, this Court affirms the circuit court's order.

## IV. Attorney Fees

Wife argues that the circuit court erred in "awarding attorney fees to [h]usband as the circumstances and equities do not justify such an award." Wife contends that husband used marital assets to pay his attorney fees, and as a result, "[w]ife's actual payment to [h]usband's attorney[] fees were considerably higher."

"Circuit courts have broad statutory authority to award attorney fees in a domestic relations matter." *Yazdani v. Sazegar*, 76 Va. App. 261, 272 (2022); *see also* Code § 20-99

- 13 -

("Costs may be awarded to either party as equity and justice may require."). "[A]n award of attorney[] fees is a matter submitted to the [circuit] court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Allen v. Allen*, 66 Va. App. 586, 601 (2016) (first alteration in original) (quoting *Richardson v. Richardson*, 30 Va. App. 341, 351 (1999)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." *Conley v. Bonasera*, 72 Va. App. 337, 350 (2020) (alterations in original) (quoting *McGinnis v. McGinnis*, 1 Va. App. 272, 277 (1985)). "Factors to be considered may include a party's ability to pay a fee, the party's degree of fault in bringing about the dissolution of the marriage, and whether the party unnecessarily increased litigation costs through unjustified conduct calculated to delay resolution of the proceedings." *Rinaldi v. Rinaldi*, 53 Va. App. 61, 78 (2008) (citations omitted).

The record supports the circuit court's award of attorney fees. The circuit court explicitly stated that it had considered "the relevant procedural history of the case, the parties' legal positions, the relative financial circumstances of the parties; and previous settlement proposals." Indeed, husband offered several settlement proposals during the litigation, the last of which included a provision that wife could keep the remaining balance of husband's Fidelity account and that he would "forgive the overpayment of spousal support from December 2021 to February 2023." Husband's attorney also submitted an affidavit and detailed itemization of the incurred attorney fees. Considering the totality of the circumstances, this Court concludes that the circuit court did not abuse its discretion in awarding attorney fees to husband.[8]

---

[8] Wife also challenges the circuit court's denial of her motion for reconsideration "on issues regarding [h]usband's adultery, apportionment of marital debts, certain items of personal property, retroactive spousal support and attorney[] fees[.]" The circuit court "has the power to reopen and reconsider prior rulings while it has jurisdiction over the case." *Thomas v. Commonwealth*, 62 Va. App. 104, 111 (2013). "But whether the court *should* do so is a matter we review under the highly deferential abuse-of-discretion standard." *Id.* For the reasons stated,

V. Waiver

Wife's following arguments—raised for the first time on appeal—are waived. "No ruling of the [circuit] court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this rule 'is to require that objections be promptly brought to the attention of the [circuit] court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary.'" *Yazdani*, 76 Va. App. at 276 (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 218 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)). "Not just any objection will do. It must be both specific and timely—so that the [circuit court] judge would know the particular point being made in time to do something about it." *Id.* (quoting *Bethea*, 297 Va. at 743). "If a party fails to timely and specifically object, [she] waives [her] argument on appeal." *Id.* We address wife's arguments only to the extent necessary to demonstrate the waiver.

Wife contends that the circuit court erred in failing to consider each factor in Code § 20-107.3 with written findings of fact and the court's order lacked specific findings of fact that supported the court's distribution of marital assets and debts. Although wife referenced Code § 20-107.3 in her objections to the final order and motion for reconsideration, she did not argue that the circuit court erred in failing to make written findings. As a result, we will not address this argument for the first time on appeal. Rule 5A:18.

---

the record fairly supports the circuit court's rulings. Thus, the circuit court did not abuse its discretion by declining to reconsider them.

- 15 -

She further alleges that court erred in "declining jurisdiction to order the division of marital debts pursuant to . . . Code § 20-107.3 although the [circuit] court ha[d] concurrent jurisdiction to review the nature and dischargeability of the parties' equitable distribution obligation to each other." In the circuit court, wife cited 11 U.S.C. § 524(a)(3) to argue that the circuit court should apportion to husband half of the debt clawed back by the bankruptcy trustee by way of a monetary award under Code § 20-107.3.[9] On appeal, wife cites 11 U.S.C. § 523(a)(15)[10] to argue that a debt under this statute is "automatically non-dischargeable in bankruptcy and the [circuit] court had concurrent jurisdiction to classify, value and apportion the alleged marital debt between the parties because it was not automatically discharged at bankruptcy." Wife did not raise this specific argument for the circuit court to consider; thus, it is waived.[11] Rule 5A:18; *Moison v. Commonwealth*, 302 Va. 417, 419 (2023); *see also Pereira v. Commonwealth*, 83 Va. App. 431, 438 n.2 (2025) ("[An appellant's] failure to raise the arguments before the [circuit] court precludes him from raising them for the first time on appeal." (first alteration in original)). As wife waived her challenge to the circuit court's holding that it was unable to review husband's bankruptcy, we cannot consider wife's argument that the circuit court erred in failing to classify and apportion marital debts that were ultimately paid by her inheritance, as husband had been discharged from those debts.

---

[9] The circuit court rejected this argument, holding that 11 U.S.C. § 524 referenced "fraudulent transactions and support obligations—issues not before the court in the current equitable distribution property analysis."

[10] Under 11 U.S.C. § 523(a)(15), debts owed to a former spouse that were incurred "in the course of a divorce or separation" can be excepted from a discharge.

[11] Wife also argues that the circuit court erred in failing to "properly classify and apportion marital debts in the [w]ife's sole name that were not discharged and ultimately paid by the [w]ife's separate property, namely her inheritance." But wife waived her challenge to the circuit court's holding that it was unable to review the bankruptcy debt payment.

- 16 -

Finally, wife asserts that the circuit court's "erroneous decisions infringe upon [her] fundamental property rights under the U.S. Constitution[] and the Constitution[] of Virginia." Under Rule 5A:20(e), an opening brief must contain "'[t]he principles of law, the argument, and the authorities relating to each question presented.' Unsupported assertions of error 'do not merit appellate consideration.'" *Turner v. Commonwealth*, 68 Va. App. 72, 77 (2017) (alteration in original) (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument . . . or merely constructs a skeletal argument, the issue is waived." *Bartley*, 67 Va. App. at 746 (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). Wife's "failure to provide legal argument and authority as required by Rule 5A:20(e) leaves us without a legal prism through which to view [her] alleged error." *Id.* Therefore, we find this issue waived.[12]

Regarding all of her assignments of error, wife generally asks this Court to invoke the ends of justice, stating that "a miscarriage of justice occurred in this case as she was prejudiced by the [circuit] court's erroneous legal conclusions and decisions, which cumulatively resulted in negative consequences to [her] property rights."

"The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure

---

[12] Additionally, "[i]t is a 'fundamental and longstanding precept that . . . "unnecessary adjudication of a constitutional issue" should be avoided.'" *Harris v. Commonwealth*, 83 Va. App. 571, 580 n.2 (2025) (second alteration in original) (quoting *Grady v. Blackwell*, 81 Va. App. 58, 67 (2024)). "The constitutional-avoidance doctrine is 'an aspect of the "doctrine of judicial restraint" that "dictates that we decide cases 'on the best and narrowest grounds.'"'" *Id.* (quoting *Grady*, 81 Va. App. at 67).

to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). "It is never enough for [an appellant] to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)). An appellant must show that the error involved a procedure "so crucial that a court's failure to adhere to [it] constitute[d] error that is clear, substantial and material even in the absence of affirmative proof of error in the *result*." *Herring v. Herring*, 33 Va. App. 281, 287 (2000).

Here, the record does not affirmatively demonstrate a grave injustice occurred requiring reversal of the circuit court's decision. As discussed above, we find no error in the circuit court's holdings; thus, we decline to invoke the ends of justice exception to consider wife's unpreserved arguments.

## VI. Appellate Attorney Fees

Both parties have requested an award of attorney fees and costs. "The decision of whether to award attorney[] fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman*, 68 Va. App. at 545). In making such a determination, the Court considers all the equities of the case. Rule 5A:30(b)(3). After considering the record before us and all the equities of the case, we deny both parties' requests for appellate attorney fees and costs.

CONCLUSION

For these reasons, this Court dismisses wife's challenge to the divorce decree as untimely and otherwise affirms the circuit court's judgment.

*Affirmed in part and dismissed in part.*